### HOLLY vs. THE ATLANTA STREET RAILROAD.

The street railroad companies are carriers of passengers, and as such, are bound to extraordinary diligence, and liable for negligence of their agents and employées in and about such carriage ; and when passengers are injured by riotous fighting among other passengers, it is for the jury to say, under all the facts, whether the company was negligent in not providing a suitable conductor to preserve order, or whether the person in charge of the car as driver was negligent in the preservation of order thereon, and the safe carriage of the passengers to the place of destination. A declaration alleging such negligence in the company, both in respect to the failure to have a conductor aboard to preserve order, and in respect to the negligence of the driver in failing to suppress the fight, or to eject the combatants, is good, and should not be dismissed on demurrer.

Railroads. Negligence. Damages. Before Judge HILL-YER. Fulton Superior Court. April Term, 1878.

Mary A. Holly brought case against the street railroad. The body of her declaration was as follows :

" That heretofor, to-wit : on or about the 20th day of January, 1877, whilst your petitioner was a passenger in one of the cars of said company, on Peachtree street, in said city, said car having a driver, but not having a conductor, a personal altercation or fight commenced between two of the male passengers who were also on-said car; and that, by reason of the negligence of said corporation in not having a conductor to preserve the peace and to protect your petitioner, and others who might ride on the cars of said corporation, and also by the utter failure and gross negligence of the driver of said car, to stop said persons from fighting

or before the fight commenced, your petitioner became very much frightened, and in endeavoring to get off of said car, was caught in the door by the persons fighting, and was so severely mashed and bruised that she lost all consciousness, and did not recover till sometime afterwards, when she found herself on the sidewalk; that the bruises and injuries then and there received brought on a violent sickness which endangered your petitioner's life, and unfitted her for her ordinary duties. That she is dependent on her daily labor for her support, and that the injuries she then received lost a quantity of sewing which she had already engaged to do, and disabled her from undertaking her regular work for six or eight weeks.

"And your petitioner further shows, that by reason of the injuries aforesaid, she incurred great expense for medical attention and care, and for medicines. All of which resulted in loss and damage to your petitioner the said sum of five hundred dollars."

Plaintiff amended by alleging that the corporation "failed to eject said fighting and disorderly persons in time to prevent said injury to petitioner, as bound to do by their contract to carry your petitioner to her destination in safety."

On demurrer, the court dismissed the declaration, and plaintiff excepted.

M. DEGRAFFENRIED, for plaintiff in error, cited as follows: Extraordinary diligence required, Code, §2067. Presumption against carrier, Code, §3033. Liable for failure to keep order, Code, §2082; 53 Penn., 512; 6 Blackf., 158; 55 N. Y., 108; 53 Miss., 201, 225.

HOPKINS & GLENN, for defendant, cited as follows: Difference between street cars and steam cars as to negligence in passenger and in company, 51 N. Y., 497; 109 Mass., 398; 38 Ga., 138; 55 Ib., 126; Code, §2082. Power to prevent or mitigate injury must be shown, 53 Miss., 200; 34 Conn., 554; 53 Penn., 512; 76 Penn., 510; 97 Mass., 361; Sher. & Red. on Neg., §278, b.; 11 Allen, 304

Wharton on Neg., 646, a.; Necessity to leap, 24 *Ga.*, 356 ; 26 *Ib.*, 250.

JACKSON, Justice.

This was a demurrer to the plaintiff's declaration, which alleged to the effect that the plaintiff was a passenger on one of the defendant's cars; that two men got to fighting thereon ; that she attempted to get off the cars, and in doing so was caught in the door of the car by the persons fighting,and was badly hurt by being severely mashed and bruised; that the defendant was negligent in failing to provide any conductor to preserve order on the car, and that the driver was negligent in failing to suppress the fight or to eject the combatants, or otherwise to come to her assistance or interfere to preserve order. The court sustained the demurrer, and the plaintiff excepted.

We think that the case should have been submitted to the jury. Under our law, Code §2067, " a carrier of passengers is bound to extraordinary diligence, on behalf of himself and his agents, to protect the lives and persons of his passengers. But he is not liable for injuries to the person after having used such diligence." The absence of diligence is negligence or neglect; and these questions of diligence and negligence are questions for the jury upon the facts of the case made. The declaration alleges neglect— total want of diligence in two particulars ; first, in providing no conductor, and, secondly, in having a driver who was careless of the safety and comfort of this female passenger, in that he made no attempt to stop the fight or to eject the fighters. Whether or not these carriers, who have entrusted to their care thousands of passengers, of all ages, sexes and conditions in life, should provide a conductor or other escort in addition to the driver, is a question of diligence or negligence for the jury, and whether the driver used extraordinary diligence to protect the person of this lady is peculiarly so.

These questions should have gone with the proof the respective parties might have made, to the jury, and they should have passed upon them. It is true that, as argued for defendant in error, there may be a difference between railroads, on which cars are propelled by steam across the country, and these street railroads in cities; but both are carriers of passengers, and liable for slight neglect, or the absence of extraordinary diligence. And their duty to their passengers, in caring for their safe and comfortable conveyance from point to point, is the same.

Whether this duty was discharged in this case is for the jury to say, under all the facts thereof.

That carriers are bound when injuries arise from other passengers, and the common protector of all is wilfully negligent by his agents and servants to interfere, seems to be established by the authorities cited by the counsel for plaintiff in error. See 53 Penn., p. 512; 6 Blackf., p. 158; 55 New York, p. 108; 53 Miss., p. 201.

Judgment reversed.