Jackson, C. J.
1 A carrier of passengers, whether by street cars drawn by horses through the streets of a city or by cars propelled by ¡steam from city to city, is bound to use extraordinary diligence; and vvhere one is hurt by reason of its carriage, the presumption is always against the carrier. Therefore, where a passenger was hurt in leaving a street car, and his testimony showed -that the car started before he completely left it, and there being no conductor, the driver testified that he did not know that the passenger was hurt at all, but that his hfibit was to stop till all his passengers got off, and that he did so that ni.ght, and another witness testified to hearing the exclamation of the passenger to the effect that he was hurt, and on going to him, found him inj ured where he had attempted to alight, even more than slight neglect was shown ; and a verdict against the street car company wras supported t»y the evidence. Central Railroad vs. Sanders (not yet reported); Code, §§2061, 2062, 2067; 61 Ga., 215.
2. Newly discovered evidence, the object of which is to impeach thepjbutttiff as a witness, and which is itself overwhelmingly disproved by many counter affidavits,does not require a new trial. 70 Ga., 722.
3. It is the Nght and duty of the presiding judge to state to the jury the several contentions between the parties, the only restriction being that he shall state then? fairly to each side. He may also sum up the ■evidence, with a view to the better stating of those contentions practi *376 cally so as to be readily comprehended by the jury, being careful to withhold any expression or intimation of opinion as to its truth.
Lester & Ravenel. for plaintiff in error.
J. R Saussy, for defendant.
(a) The issues in this case, considered as a whole, were fairly submitted to the jury.
4. While the expression, “all actions of this sort necessarily imply fault somewhere,” when taken alone, might be objectionable, as excluding the idea of a mere accident, and would be so if there were any testimony at all that the injury was a mere accident, yet, in connection with its context in this case, it did do harm. The judge, in effect, charged the existence of the presumption of fault against thecarrier and how that presumption could be rebutted by showing fault in the injured-person.
5. The charge in respect to the damages which might be recovered was not error, being to the effect that they should not be punitive or vindictive, but such as the jury .might believe would compensate the plaintiff for his expense and suffering, physical and mental, for his present condition and decreased capacity to earn a living ; that the law permits nobody else to measure damages but them ; and that if, by reason of the negligence of the company, the plaintiff was hurt, such damages should be given.
Judgment affirmed.