ROSE DANOVITZ *vs.* BLUE HILL STREET RAILWAY COMPANY.
SAMUEL DANOVITZ *vs.* SAME.

Suffolk.    March 25, 1914.—May 22, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Negligence*, Street railway.

Where, at the trial of an action against a street railway company for personal injuries received by a passenger upon an open electric street car of the defendant, as he was alighting from the car and was grasping the ironwork at the end of a seat, by the seat being turned over upon his wrist, there is evidence tending to show that the seat was turned over by one of a turbulent and boisterous crowd who were attempting violently to get upon the car, that the presence of such a crowd at that place and time of day was not unusual and was likely to result in injury to passengers alighting from cars, and that the defendant's employees had not attempted to do anything to protect the plaintiff, a verdict for the plaintiff is warranted.

TWO ACTIONS OF TORT, the first action being for personal injuries received, as the plaintiff was leaving an open electric street car of the defendant at Mattapan Square in Boston, by a seat being turned over upon her hand; and the second action being by the husband of the plaintiff in the first action for consequential damages.    Writs dated August 21, 1912.

In the Superior Court the cases were tried together before *Fessenden*, J.  Material facts which the plaintiff's evidence tended to prove are stated in the opinion.  There also was evidence tending to show that, as the plaintiff was on the running board of the car and before she was injured, the conductor took the trolley from the wire, causing the lights to go out in the car and making the car dark.

At the close of the plaintiff's evidence, the defendant rested, and asked the judge to give the following, among other rulings:

"1. That upon all the evidence the plaintiffs cannot recover.

"2. That there is no evidence of any negligence on the part of the defendant's servants and agents as alleged in the declarations.

"3. That there is no evidence of any unusual violence or boisterousness of the passengers waiting to get on the car for which the defendant would be responsible in these actions."

"5. If the seat was turned over by some passengers causing injury to the plaintiff Rose Danovitz, for such an act under the circumstances of this case the defendant is not responsible.

"6. There is no evidence that the crowd was of such a kind and nature as the defendant might reasonably anticipate would be violent or boisterous so as to provide any more safeguards than were usual and customary at such a place."

"8. There is no evidence tending to show that seats were turned over in such a dangerous manner by passengers on this or previous occasions as to make it incumbent upon the defendant to furnish employees at every seat to prevent their being turned over.

"9. There is no evidence which would justify the jury in finding that passengers attempting to board the car were authorized to turn over seats or that whoever turned over the seat in this instance was authorized to do so.

"10. If the jury find that the turning over of the seat was the unauthorized act of some person not in the employ of the defendant street railway company the plaintiffs can not recover in these actions.

"11. That upon the evidence of the plaintiff and her witnesses there was no jostling or crowding upon the car or acts of boisterousness on the part of the crowd that would justify the defendant in anticipating that this seat would be turned over and injure the plaintiff Rose Danovitz."

These rulings were refused.

As to the removal of the trolley by the conductor, the judge charged the jury as follows: "Further, it is said that the conductor took the trolley line and put that around while she was getting off, and that as she was getting off, the trolley having been taken off, it made it dark inside the car. She grabbed hold of this so that she would not fall. Well, what then? That is not the proximate cause of this trouble. I rule that as a matter of law. But it is a circumstance which you can take into account and use. The suggestion from the plaintiff, as I understand it, is that there were numbers of people, and that it had been so before; that they were in a hurry to get on, and that they pushed to get

on, and that they would turn over the seats, they had done so before, and that the turning of the trolley around there had turned off the light, and that it left it dark, so that she could not see, and the persons there would not see her hand, and they threw over the seat and hurt her hand that way. Is that so? Let us examine that. It would not be fair for me to state that and say to you therefore you must find so. It is for you to consider that. Did the turning of the trolley around put out the lights? There is no question about that, that it did put out the light in the car. But did that leave them in such darkness, did it leave it so dark as to play any part in this injury?"

No exception was taken to the charge. The jury found for the plaintiff in the first action in the sum of $175, and for the plaintiff in the second action in the sum of $46; and the defendant alleged exceptions.

The cases were submitted on briefs.

*J. T. Connolly,* for the defendant.

*G. P. Beckford,* for the plaintiffs.

HAMMOND, J. As the case of Samuel depends upon that of Rose, we will discuss only the latter.

Upon the evidence the jury might have found that the plaintiff, while alighting from the car in the exercise of due care, was injured by the turning of a seat of the car upon her wrist; that the seat was turned by some one who was trying to get upon the car; that this person was one of a turbulent and boisterous crowd of persons who were violently attempting to get upon the car; that the presence of such a crowd at such a time was not unusual and was likely to result in injury to passengers alighting; that the danger was such that the defendant reasonably might be expected to foresee it and was bound to the exercise of due care to prevent it. They might further find that there was an utter failure on the part of the defendant's servants and agents to do anything whatever to protect the plaintiff and that for that reason the defendant failed in the duty it owed to the plaintiff.

The case, though close on the point of the defendant's negligence, must stand in the class with *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497, *Morse* v. *Newton Street Railway,* 213 Mass. 595, and other similar cases. *Collins* v. *Boston Elevated Railway,* 217 Mass. 420.

No error is shown in the manner in which the trial judge dealt with the requests presented by the defendant. The case was rightly submitted to the jury.

In each case therefore, the order is

*Exceptions overruled.*