## 7032.   CENTRAL OF GEORGIA RAILWAY CO. *v.* HOPKINS.

1. Under the facts of this case the following instructions of the court were error: (1) "While the railroad company is not an insurer, the company is under duty to exercise extraordinary care to see that a passenger is not injured by negligence or wilful misconduct of employees while acting within the scope of their employment." (2) "If you find that the assault was made as alleged, but the assault was not justified, or that the assault was not a wilful or negligent tort committed on the person of the plaintiff by the employee of the defendant while the employee was engaged in the conduct of the defendant's business, there could be no recovery." These instructions were not adjusted to the pleadings or the evidence. The undisputed evidence was that the only person who assaulted the plaintiff was the "news butcher" of the train, and that he was not an employee of the defendant. These instructions were also susceptible to the construction that the court expressed an opinion, or assumed, as a matter of fact, that the person who assaulted and injured the plaintiff was an employee of the defendant company.

2. It was error for the court to refuse to give the following charge, requested by the defendant: "If you find, from the evidence in this case, that the trouble referred to in this case between the plaintiff and the newsboy came up suddenly and unexpectedly, and the conductor of the train had no knowledge thereof until after the same had happened, and could not reasonably have anticipated that the same was likely to occur, then I charge you that there can be no recovery as against the defendant in this case." This instruction should have been given because there was evidence to show that the assault by the newsboy upon the plaintiff was committed suddenly and unexpectedly, and that the conductor of the train had no knowledge thereof until after the

trouble had occurred, and that he could not reasonably have antici-
pated that the assault was likely to occur. There is no allegation in
the plaintiff's petition, nor was there any proof upon the trial, that
any other employee of the defendant knew anything about the assault,
or could have prevented it. While the plaintiff testified that the con-
ductor was present when the assault occurred, saw it, and made no
effort to stop it, the conductor, on the other hand, swore that he was
not present, did not see it, and knew nothing of it or of the incidents
leading up to it until long afterwards. The requested charge was not
covered by the charge actually given.

DECIDED JUNE 1, 1916.

Action for damages; from city court of Floyd county—Judge
Reece. September 28, 1915.

*J. Branham, Maddox & Doyal,* for plaintiff in error.

*McHenry & Porter,* contra.

BROYLES, J. This suit was for injuries from an assault by a
"news butcher" plying his trade on a train of the defendant com-
pany on which the plaintiff was a passenger. The plaintiff alleged
and testified that while he was being cursed and assaulted, the
conductor of the train came into the car where the assault was
being committed, and, although seeing it, failed to protect him
or to prevent the commission of the assault, and made no effort so
to do. There was some slight evidence corroborating the plaintiff's
testimony. On the other hand the defendant company denied any
knowledge of the assault or that it had any reason to anticipate
that an assault was likely to be committed upon the plaintiff.
The conductor of the train testified that he was not present when
the plaintiff was assaulted, knew nothing of the assault until after
it had been committed, and had no reason to apprehend the bat-
tery and the consequent injuries of the plaintiff. There was ample
testimony to support the contentions of the defendant and to corrob-
orate the evidence of the conductor. It was undisputed that the
"news butcher" who assaulted the plaintiff was not an employee of
the defendant. It was not alleged by the plaintiff in his petition,
nor shown by any evidence, that any employee of the defendant
company other than the conductor was present at the alleged as-
sault, or could have done anything to prevent it. In view of these
facts it was prejudicial error to give the instructions referred to
in the first headnote, and to fail to give the requested charge re-
ferred to in the second headnote.

There was no other error that required a new trial.

*Judgment reversed.*