AMELIA SAVICKAS *vs.* BOSTON ELEVATED RAILWAY COMPANY.
ANTHONY SAVICKAS *vs.* SAME.

Suffolk.     January 3, 1921.—June 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway, In use of highway. *Way,* Public.

At the trial of an action by a girl four and one half years of age against a street railway company for personal injuries, there was evidence that the plaintiff with her mother was standing on a public street at a white post for the purpose of boarding an approaching open street car of the defendant, that as the car came slowly to a stop at the post, the conductor called out, "All get in," or words to that effect and raised a bar at the side of the car where the plaintiff stood; that a large number of persons who were congregated there pressed forward to board the car and that the plaintiff was pushed down and her foot was caught under a front wheel of the street car. *Held,* that the defendant was not negligent in failing to restrain the crowd and to prevent it from pushing the child under the side of the car while she was standing on the highway. *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497, distinguished.

TWO ACTIONS OF TORT, the first by a minor by her father as her next friend for injuries received while at a stopping place for street cars of the defendant at the corner of Blue Hill Avenue and Charlotte Street in Boston, and the second by the father of the plaintiff in the first action for consequential damages. Writs dated respectively October 18, 1917, and May 12, 1919.

In the Superior Court the actions were tried together before *Quinn,* J. The material evidence is described in the opinion. At the close of the evidence the judge upon motion by the defendant ordered verdicts for the defendant. The plaintiffs alleged exceptions.

The cases were submitted on briefs.

*W. B. Keenan,* for the plaintiffs.

*F. Ranney,* for the defendant.

CROSBY, J. The first action is brought to recover for personal injuries received by a child, who at the time of the accident was four and one half years old. She will hereafter be referred to as the plaintiff. The second action is brought by the father of the child to recover for medical expenses incurred by reason of her injuries.

On the day of the accident the plaintiff, accompanied by her father and mother, was at a white post near the corner of Blue Hill Avenue and Charlotte Street in Boston for the purpose of boarding a north bound electric car of the defendant; at that time there was a large number of people present who were also intending to take a car bound in the same direction. An open car approached slowly from the south; as it was coming to a stop at the white post the crowd pressed forward and the plaintiff was pushed down and her left foot caught under the right forward wheel; the car stopped almost immediately and her foot was released by moving the car slightly backward. The plaintiff's mother testified that, just before the accident, she had hold of the plaintiff with her right hand and that as the car was coming to a stop she took hold of the handle of the car before it stopped with her left hand; that as the car was about to stop the conductor called out "All get in" or words to that effect and raised the side bar; that her hat was partly knocked off by the crowd and that the plaintiff was pushed and fell down.

It is well settled that it is the duty of a street railway company to protect its passengers from injuries resulting from the misconduct of other passengers, so far as in the circumstances reasonably might be anticipated and guarded against. *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341. *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497. *Danovitz* v. *Blue Hill Street Railway,* 218 Mass. 42. *Bryant* v. *Boston Elevated Railway,* 232 Mass. 549. If we assume without deciding that the plaintiff was a passenger, there was no evidence of negligence of the defendant. While there was evidence that at the time of the accident there was a large number of persons present who pressed forward for the purpose of boarding the car, and the plaintiff was pushed to the ground, it also appears that the place where the crowd had congregated and the plaintiff was injured was on a public street, over which, or the persons on it, the defendant had no control or authority; consequently it was not negligent in failing to restrain the crowd and to prevent it from pushing the child under the side of the car, while she was standing on the highway.

The cases relied on by the plaintiff where passengers have been injured on account of the disorderly and violent conduct of other passengers on cars, station platforms, or in subways of a street

railway, are not applicable to the facts in the case at bar. *Glennen·* v. *Boston Elevated Railway,* 207 Mass. 497, is plainly distinguishable. In that case the plaintiff was injured while a passenger in the defendant's car by a crowd that rushed on to the car and turned over the backs of the seats, thereby causing the plaintiff's arm to· be caught between two of them; and it was said by this court at page 501: "It is not a· question of policing the public way, but of shielding its passengers while in the car."

As the evidence did not warrant a finding that the plaintiff's. injuries were due to the negligence of the defendant, the entry in. each case must be

*Exceptions overruled.*