### 12175. GEORGIA RAILWAY & POWER CO. v. MURPHY.

STEPHENS, J. 1. It is the duty of a street-railway company to use extraordinary diligence to afford protection to passengers from any injury which might reasonably be anticipated as arising from outside sources. *Savannah, Florida & Western Ry. Co.* v. *Boyle,* 115 *Ga.* 836 (42 S. E. 242, 59 L. R. A. 104); *Holly* v. *Atlanta Street Railroad,* 61 *Ga.* 215 (34 Am. R. 97); *Hillman* v. *Ga. Railroad &c. Co.,* 126 *Ga.* 814 (8 Ann. Cas. 222). Where the servants of the company in charge of a car carrying passengers have knowledge that a crowd of persons daily assemble at a

certain time near the terminus of the line for the purpose of becoming passengers on the returning cars of the company, and that such persons stampede to board the cars before the cars reach the terminus, and overcrowd the entrances to the cars, and struggle and push against one another in their efforts to enter the cars, the servants of the company in charge of the car have, from such knowledge, reason to anticipate that a female passenger on the car, having no knowledge of such custom, who has arisen from her seat and gone upon the platform for the purpose of alighting, will be injured by the crowd attempting to board the car in the customary manner, and where the servants fail to use the required diligence to protect her, and she is, as a result of such failure, injured by the crowd when struggling and fighting to board the car, the company has failed to afford to her the protection to which she is legally entitled. Kuhlen *v.* Boston & Northern St. Ry. Co., 193 Mass. 341 (79 S. E. 815, 7 L. R. A. (N. S.) 729, 118 Am. St. Rep. 516) ; Collins *v.* Boston Elevated Ry. Co., 217 Mass. 420 (105 N. E. 353, 51 L. R. A. (N. S.) 1154). A failure by the servants of the company to warn the passenger of such danger after she has gotten upon the platform of the car might amount to negligence.

2. Where the injury thus received by the passenger consisted in her being knocked from the platform of the car and being run over by the car, she was necessarily injured by the running of the car, and it was not error, in a suit by her against the street-car company to recover for such injury, for the court to charge the jury that the defendant was presumably negligent as alleged in the petition. Such presumption of negligence against the company obtains even though the alleged negligence of the defendant, alleged as proximately causing the injury, was an act in itself disassociated from the actual operation of the car, such as negligently failing to afford to the passenger protection from the danger to be anticipated from the crowd boarding the car.

3. It being alleged by the plaintiff, as an additional ground of negligence contributing to her injury and causing her to be thrown from the car, that while she was upon the platform of the car the car was negligently caused to give a sudden and violent jerk, there was no error in the charge of the court in submitting this issue to the jury.

4. An observation by the judge, made in the presence of the jury, while counsel for the defendant was cross-examining the plaintiff, in passing upon objections by counsel for the plaintiff, and in replying to the suggestion by counsel for the plaintiff that the object of the question propounded by counsel for the defendant was to cast insinuations upon the plaintiff's character, stating that he (the judge) could not see anything else in the questions propounded by counsel for the defendant unless they were propounded for the object stated by counsel for the plaintiff, was of slight importance, and not calculated to injuriously affect the defendant's case in the minds of the jury, who had heard the colloquy between counsel and the remark of the court, and the statement by the defendant's counsel disclaiming any intent to reflect upon the plaintiff.

5. A statement by the judge to the effect that he wished he knew how to curb the examination of a witness was harmless.

6. The court did not err, over the objection of counsel for the defendant

that the evidence was irrelevant, in permitting the plaintiff to testify that she was not put off the car at the place where she intended to get off but that she intended to get off at the place where she was injured, and walk back.

7. The petition set out a cause of action, and the evidence authorized the verdict as rendered for the plaintiff. The court did not err in overruling the general demurrer to the petition, or in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Action for damages; from Fulton superior court — Judge Ellis. December 23, 1920.

*Colquitt & Conyers,* for plaintiff in error.

*J. A. Miller, Branch & Howard,* contra.