14134.   KEILEY v. BRISTOL.

STEPHENS, J.   1.   A cause of action for injuries sustained in drinking
poisonous and deleterious liquors furnished by another may arise either
from the wilful and intentional furnishing of such liquor or from the
negligent and careless furnishing of the same.   A petition, therefore,
which alleges a right of action to recover upon the theory that the
liquor was wilfully and intentionally furnished to the plaintiff is amend-
able by the addition of another count, alleging a right of action in the
plaintiff to recover for the negligent and careless furnishing of such
liquor.   Such an amendment does not set out a new cause of action,
and was therefore proper allowed.   *City of Columbus* v. *Anglin,* 120 *Ga.*
785 (48 S. E. 318) ; *So. Ry. Co.* v. *Flynt,* 9 *Ga. App.* 757 (72 S. E. 189) ;
*Dundee Woolen Mills* v. *Edison,* 17 *Ga. App.* 245 (86 S. E. 414).

2. An allegation in such second count is not subject to the exception that
two causes of action are joined in one count by reason of the fact that
it is alleged that the defendant's conduct in furnishing the liquor was
negligent because the defendant " knew or ought to have known " of the
poisonous and deleterious character of the liquor.   All of the allegations
in this count, including this one as to knowledge, or duty to know, on
the part of the defendant of the alleged character of the liquor, allege
only a negligent tort.

3. Where a person, with knowledge that liquor contains a poisonous and
deleterious ingredient known as wood alcohol, furnishes the same to
another, either directly or by placing it where he knows that the other
person will find it and drink it, and thus furnishes the liquor with the
intention that the other person shall drink it and become injured
thereby, and where the latter, in ignorance of the poisonous character
of the liquor, drinks it, and by reason of its poisonous character suffers
a physical injury from drinking it, the person so furnishing the liquor
is liable for the wilful and intentional injury thus caused.

4. Where a person, with knowledge that liquor within his control and in-

tended to be used as a beverage contains a poisonous and deleterious ingredient known as wood alcohol, or whose lack of knowledge under the circumstances is negligence, carelessly leaves or deposits the same where he knows, or has reason to know, or by the exercise of ordinary care should know that one who is lawfully on his premises, such as a guest in his house, will find the liquor, and where such guest in ignorance of the poisonous character of the liquor, drinks it, and by reason of its poisonous character suffers a physical injury, the person thus carelessly leaving the liquor where his guest can find it is liable for the injuries thus sustained, provided that the person injured could not by due care have avoided the injury.

5. In a suit to recover damages for injuries received from ignorantly drinking poisonous and deleterious liquor alleged to have been furnished to the plaintiff, while a guest in the house of the defendant, by the defendant, with knowledge of the poisonous character of the liquor, allegations in the petition that the liquor was the *property* of the defendant and that the defendant's conduct in respect to furnishing the liquor to the plaintiff was *gross* negligence, or that he was *grossly* negligent in not knowing of the poisonous character of the liquor, are merely descriptive of the particular liquor and of the nature of the negligence alleged and are not essential to the cause of action.

6. It does not appear that the plaintiff's case was prejudiced by the judge charging the jury that a refusal by a witness to answer a question as to whether he had committed a certain criminal act is not proof that the act was committed, and charging in immediate connection therewith that " in considering all the evidence in this case . . you may consider, in weighing the testimony of the witness, and in finding where the preponderance of evidence [lies], to consider all the testimony."

7. The witnesses having been sequestered as provided in the Civil Code (1910), § 5869, the court did not abuse its discretion in allowing the defendant, who had remained in the room, to testify after other witnesses for the defendant had testified. *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (4) (16 S. E. 49).

8. A verdict having been rendered for the defendant, and it appearing from the evidence that the jury was authorized to infer that the defendant had knowledge of the poisonous and deleterious character of the liquor before it was drunk by the plaintiff, and it appearing that the evidence in other respects was sufficient to have authorized a finding for the plaintiff, and that therefore the verdict as rendered for the defendant was not as a matter of law demanded, and this being the first grant of a new trial, the judgment sustaining the plaintiff's motion for a new trial will be affirmed.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED SEPTEMBER 15, 1923.

Action for damages; from Fulton superior court — Judge Ellis. September 22, 1922.

Application for certiorari was made to the Supreme Court.

*Reuben R. & Lowry Arnold, Bell & Ellis,* for plaintiff in error.
*E. C. Buchanan, J. K. Jordan,* contra.