## 22533. MASSENGALE *v.* ATLANTA, BIRMINGHAM & COAST RAILROAD Co. *et al.*

STEPHENS, J. 1. Neither a carrier nor one who furnishes to a carrier terminal facilities for taking on passengers, owing a duty to one who is a passenger, violates that duty through any act of a servant towards the passenger, where the servant committing the act has not been entrusted with the performance of any duty owing by the master to the passenger, and where the master is not negligent in failing to anticipate, or to prevent, the performance of the act of the servant. Alabama Great Southern R. Co. *v.* Pouncey, 7 Ala. App. 548 (61 So. 601) ; Hall *v.* S. A. L. Ry., 84 Fla. 9 (93 So. 151) ; Southern Ry. *v.* Crone, 51 Ind. 300 (99 N. E. 762) ; Louisville & Nashville R. Co. *v.* Lindsay, 212 Ky. 516 (279 S. W. 965) ; Brown *v.* Chicago &c. Ry. Co. 139 Fed. 972; Segal *v.* St. Louis &c. Ry. Co. (Tex.), 80 S. W. 233; Hoff *v.* Public Service Ry. Co., 91 N. J. L. 641 (103 Atl. 209) ; Prokop *v.* Gulf &c. Ry. Co. (Tex.), 79 S. W. 101; 10 C. J. 960; 2 Hutchinson on Carriers (3d ed.), §§ 980, 981, 982, 989; Civil Code (1910), §§ 3603, 4413. Under these conditions the servant, as respects the master, stands in the relationship of one who is not a servant but a stranger, and the master, in the absence of negligence in failing to anticipate or to prevent the performance of such tortious act by the servant, is not liable for the servant's act. *Savannah, Florida & Western Ry. Co.* v. *Boyle,* 115 *Ga.* 836 (42 S. E. 242, 59 L. R. A. 104) ; *Central of Ga. Ry. Co.* v. *Hopkins,* 18 *Ga. App.* 230 (89 S. E. 186).

2. In a suit against the Atlanta, Birmingham and Coast Railroad Company and the Atlanta Terminal Company, the latter being a company operating, for the defendant railroad company, the depot station in the city of Atlanta known as the Terminal Station, which the defendant railroad company used in taking on its passengers, where the plaintiff, a woman, sought to recover damages for alleged indecent and insulting language used to her by an employee of the defendant terminal company, and it appeared from the evidence for the plaintiff that she entered the station with the intention of becoming a passenger on an outgoing train of the defendant railroad company, and, after boarding the train and becoming a passenger thereon and while sitting by an open window in a coach of the train when the train was standing in the station, was spoken to by a porter in the employ of the terminal company, whose duty it was to handle mail for the terminal company and deliver it to railroad-trains, including those of the defendant railroad company, and who at the time was standing outside the window by which the plaintiff was sitting, and who in speaking to the plaintiff used the indecent and insulting language referred to, it appeared that the duties which the servant had been employed to perform were not such as were owing by either defendant to a passenger on the train of the defendant railroad company, and where it did not appear that either of the defendants, through any servant or agent, had knowledge of the occurrence in time to prevent it, or had knowledge of any fact that would cause either of them to anticipate the occurrence, neither of the defendants violated any duty owing to the plaintiff, and the court properly granted a nonsuit as to both defendants. *Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 20, 1933.

*Hewlett & Dennis, N. F. Culpepper, T. F. Bowden,* for plaintiff.
*Colquitt, Parker, Troutman & Arkwright, Howell, Heyman & Bolding,* for defendants.