RIVERS *v.* WEEMS *et al.*

No. 17769.   Argued February 12, 1952—Decided March 10, 1952.

*Frank E. Blankenship* and *Joe & Bruce Edwards,* for plaintiff.
*Harris, Henson & Gower,* for defendants.

Wyatt, Justice.   It is contended that the judgment complained of is error for the reason that the plaintiff in error is entitled to recover under the provisions of Code § 105-1101, which reads as follows: "Any person who knowingly or carelessly sells to another unwholesome provisions of any kind, the defect being unknown to the purchaser, by the use of which damage results to the purchaser or his family, shall be liable in damages for such injury."   It will be noted that this Code section contains the langauge, "the defect being unknown to the purchaser."   In applying this rule of law, the Court of Appeals, in *Atlanta Coca-Cola Bottling Co.* v. *Shipp,* 41 *Ga. App.* 705 (154 S. E. 385), where it was contended that a lawful beverage sold on the market contained particles of glass, said that the person drinking the

beverage must be "without negligence on his part," that is, he must exercise the degree of diligence required by law.

In the instant case, the purchaser of the alleged poison whisky knew that the manufacturer, the seller, and she herself were all dealing with an unlawful, outlawed product, and all were guilty of a crime in so doing. Yet the petition is silent as to whether or not she was, "without negligence on her part." In fact, it is not even alleged that she was ignorant of the ingredient contained in the bootleg whisky. This was a fatal defect in the petition.

Moreover, it appears from the petition in this case that there intervened, between the alleged negligence of the defendants and the damage alleged to have been sustained, the independent criminal act of a third person, which was the proximate cause of the alleged damage. This was likewise a fatal defect in the petition. See *Andrews* v. *Kinsel*, 114 *Ga.* 390 (40 S. E. 300); *City of Atlanta* v. *Guice*, 41 *Ga. App.* 146 (152 S. E. 144).

*Keiley* v. *Bristol*, 30 *Ga. App.* 725 (119 S. E. 334), cited and relied upon by the plaintiff in error, is distinguishable from the instant case for all of the reasons above pointed out in this opinion. It follows, the judgment of the court below, complained of, was not error.

*Judgment affirmed. All the Justices concur.*