38316. GOSSETT v. ATLANTIC STEEL COMPANY
*et al.*

DECIDED JUNE 16, 1960—REHEARING DENIED JULY 1, 1960.

*Ernest M. Smith, Grigsby H. Wotton,* for plaintiff in error.

*Greene, Neely, Buckley & De Rieux, Edgar Neely, Jr., J. R. Goldthwaite, Jr.,* contra.

FELTON, Chief Judge. No employment relationship between

the parties is alleged in this case, but the petition seeks to hold the defendant steel company liable for injuries sustained by the plaintiff during a strike at the company's plant on the theory that it failed to exercise ordinary care toward the plaintiff as an invitee. Since the direct cause of the plaintiff's injuries was the conduct of the defendant company's employees while acting outside the scope of their employment or of third persons, the company can only be liable on this basis as a result of a failure to perform its duty to interfere so as to prevent probable injury to the plaintiff as an invitee. *Great A. & P. Tea Co. v. Cox*, 51 Ga. App. 880 (2) (181 S. E. 788). As stated in headnote 3 of the *Cox* case, such duty of intervention does not begin until the danger is apparent or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger. Here it is not alleged that the danger of injury was apparent to the defendant company when the plaintiff left the steel plant, and the only circumstance which would give notice of the probability of danger is the allegation that prior to that time "there had been violence at and around the property." Construed most strongly against the pleader, this allegation is not sufficient to show that the defendant company, in the exercise of ordinary care, should have anticipated from such previous violence the probability that one of the union pickets would throw an inflammable container inside the plaintiff's truck or that he would be exposed to personal injury under the circumstances. "Violence" in labor disputes is not limited to assaults or acts resulting in physical injury, but may include displays of force, unruly actions and other minimal forms of disturbance. See in this connection American Steel & Wire Co. v. Wire Drawers &c. Unions, 90 F. 608 (4); Esco Operating Corp. v. Kaplan, 144 Misc. 646 (258 N. Y. S. 303). In the absence of a specification of the acts of previous violence there is nothing to show that such violence was of a nature sufficient to put the defendant company on notice of the probability of danger of assault and severe physicial injury to one leaving its plant through the picket line.

The petition also seeks to charge the defendant company with negligence for failing to provide adequate protection to the plain-

tiff as he left the plant. Under the circumstances here alleged, any obligation on the part of the company to furnish such protection arises solely out of its duty of intervention previously discussed. Since the petition construed most strongly against the pleader alleges no facts to show that the defendant company in the exercise of ordinary care should have anticipated violence resulting in physical injury to the plaintiff, it does not disclose any negligence in this respect for which the company was legally liable.

Since the petition discloses that the defendant company discharged its duty of intervention to prevent any probable injury to the plaintiff to the extent of furnishing him with a police escort, and since no facts are alleged to show that such escort was inadequate under the circumstances as they then appeared, no violation of the duty owing to the plaintiff on the part of the defendant company is set out and the court did not err in sustaining the company's general demurrer to the petition against it.

*Judgment affirmed. Nichols and Bell, JJ., concur.*