38324.   COVINGTON v. S. H. KRESS & COMPANY.

DECIDED JULY 15, 1960.

*O. Lee White,* for plaintiff in error.

*Hurt, Gaines, Baird, Peek & Peabody, W. Neal Baird, Joe E. Freeman, Jr.,* contra.

FELTON, Chief Judge. "One is bound to anticipate and provide against what usually happens and what is likely to happen; *but it would impose too heavy a responsibility* to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable." *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438, 440 (103 S. E. 2d 138) and cit. "The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable; that is, likely to occur according to the usual experience of persons." *Whitaker v. Jones, McDougald, Smith, Pew Co.,* 69 Ga. App. 711, 716 (26 S. E. 2d 545).

If the conduct of third persons or customers is such as to cause any reasonable apprehension of danger to other customers or invitees because of such conduct, it is the duty of the proprietor to interfere to prevent probable injury; and a failure so to interfere, and consequent damage, will subject such proprietor to an action for damages for such negligent failure to prevent the injury. This duty of interference on the proprietor's part does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger. *Great A. & P. Tea Co. v. Cox,* 51 Ga. App. 880 (2, 3) (181 S. E. 788).

The petition showed that while the plaintiff was leaving the defendant's dime store the swinging door thereto "was violently and forcibly thrown open inwardly toward and against petitioner, violently and with great force, throwing and knocking and hurling petitioner" down a nearby stairway. Under the circumstances alleged in the petition, the violent and forcible opening of the door so as to hurl the plaintiff down the stairway was the sole proximate cause of her injuries. No facts are al-

leged which show that such danger was apparent or reasonably anticipatable. Since the petition shows on its face that the negligence of the defendant, if any, was not the proximate cause of the plaintiff's injuries, and since no circumstances are alleged which create a duty on the part of the defendant to interfere so as to prevent probable injury from the conduct of another customer, the court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed.  Nichols and Bell, JJ., concur.*