38624.   METROPOLITAN TRANSIT SYSTEM, INC. v. BURTON.

DECIDED APRIL 20, 1961—REHEARING DENIED MAY 15, 1961.

*Hugh M. Dorsey, Jule W. Felton, Jr., Charles R. Adams, Jr., Crenshaw, Hansell, Ware, Brandon & Dorsey,* for plaintiff in error. *Harold H..Clokey, Jr., Sidney I. Rose,* contra.

NICHOLS, Judge. In support of its contentions the defendant contends that the allegations of the petition fail to allege any actionable negligence because it was not alleged that the defendant had control of the "loading area" and because it was not 'ᵒged that the defendant had reason to anticipate the unruly cᵤ .duct of other passengers.

In support of such contentions the defendant cites cases wherein the injuries occurred on sidewalks or streets not under the control of the defendant and cases where the defendant had no reason to anticipate that the crowd was disorderly or violent. Such cases do not apply to the facts in the present case.

The allegations in the present case show that the defendant had, in addition to the operator of the bus, a uniformed agent employee on duty at the corner where the plaintiff boarded the bus, that such agent employee directed the plaintiff and others waiting on such bus to enter the same by the rear door, that under such instructions "the plaintiff proceeded to enter and mounted the steps of the bus" and while entering the bus was pushed from the rear by other passengers, knocked to the floor of the bus, and then trampled and stepped upon by other passengers.

After the plaintiff entered the bus by ascending the steps of such bus she was on premises controlled by the defendant, so that cases dealing with injuries upon sidewalks and streets are not applicable. The defendant owed the plaintiff the duty of exercising extraordinary care for her safety from the time she boarded such bus and not just when such bus was in motion. See *Georgia Ry. & Power Co. v. Murphy,* 28 Ga. App. 173 (110 S. E. 680), where it was said: "It is the duty of a street-railway com-

pany to use extraordinary diligence to afford protection to passengers from any injury which might reasonably be anticipated as arising from outside sources. *Savannah, Florida & Western Ry. Co. v. Boyle,* 115 Ga. 836 (42 S. E. 242, 59 L. R. A. 104) ; *Holly v. Atlanta Street Railroad,* 61 Ga. 215 (34 Am. Rep. 97) ; *Hillman v. Ga. Railroad &c. Co.,* 126 Ga. 814 (8 Ann. Cas. 222). Where the servants of the company in charge of a car carrying passengers have knowledge that a crowd of persons daily assemble at a certain time near the terminus of the line for the purpose of becoming passengers on the returning cars of the company, and that such persons stampede to board the cars before the cars reach the terminus, and overcrowd the entrances to the cars, and struggle and push against one another in their efforts to enter the cars, the servants of the company in charge of the car, have from such knowledge, reason to anticipate that a female passenger on the car, having no knowledge of such custom, who has arisen from her seat and gone upon the platform for the purpose of alighting, will be injured by the crowd attempting to board the car in the customary manner, and where the servants fail to use the required diligence to protect her, and she is, as a result of such failure, injured by the crowd when struggling and fighting to board the car, the company has failed to afford her the protection to which she is legally entitled." This court cannot say, as a matter of law, that the failure to take any action to protect the plaintiff either from being pushed to the floor of the bus or to protect her from being stepped on after being pushed down was not a lack of extraordinary care. The petition was not subject to general demurrer and the allegations of negligence, demurred to as conclusions, were not subject to special demurrer, and the judgment of the trial court overruling such demurrers was not error for any reason assigned.

*Judgment affirmed. All the Judges concur, except Felton, C. J., who dissents, and Eberhardt, J., not participating.*

FELTON, Chief Judge, dissenting. My dissent in this case is not due to a difference of opinion as to what the law is but is due almost entirely to a construction of the petition. I do not agree that the law of negligence applies to a situation where there is no duty to anticipate injury. If the petition alleged what the

majority seem to construe it to allege their conclusion would not be as far-fetched as it is under the majority's construction. The petition alleges as follows: " 6. That your petitioner had awaited the arrival of the bus at a regularly designated bus stop at the intersection of Broad and Walton Streets in the City of Atlanta, Georgia. 7. That upon the arrival of the bus your petitioner was directed by an agent employee of defendant, who was at that time and place dressed in the regular uniform of the defendant company and acting in behalf of the defendant in the furtherance of defendant's business and within the scope of his employment, to board the bus at the door located at a point just rear of the center of said bus, and which door is customarily and regularly designated by the defendant as an exit rather than entrance to the bus. 8. That there were many people at said bus stop awaiting the arrival of said bus, and the agent-employee of the defendant company there and then directed the crowd to enter the bus by the rear door. 9. That your petitioner acting upon the instruction and direction of the agent-employee of defendant proceeded to enter and mounted the steps of the bus. 10. That as your petitioner was thus engaged in entering said vehicle, she was pushed and jostled from the rear with such force by the influx of other passengers attempting to enter the bus from the rear door that she was knocked to the floor thereof." It will bear repeating that the petition alleged that *as your petitioner was thus engaged in entering said vehicle,* which in connection with the allegations in paragraph 9, that she proceeded to enter and mounted the steps of the bus, means that she was pushed from the sidewalk while she was standing on the bottom step of the bus. The buses have two steps at the rear door and the elevation above these steps is the floor of the bus. A construction of the petition against the pleader to me plainly must be that the petitioner was pushed by somebody standing on the sidewalk with both feet on the sidewalk, or by somebody with one foot on the sidewalk and one foot on the bottom step of the bus. Under such circumstances I can see no foundation for the statement by the majority that the cases cited by the Transit Company, where the injuries occurred on sidewalks or streets not under control of the Company, do not apply to the facts in the

present case. There is absolutely no difference in principle between this case and the cases hereinafter cited. The question is not where the injury occurred but whether, under the circumstances, the carrier should have anticipated that an injury would occur. The majority construction seems to me to be that the wrongdoing of the fellow passenger occurred on the inside of the bus. The annotations in 32 A. L. R. 1315 and 155 A. L. R. 634, both deal almost entirely with situations where the carrier owned and provided the places where crowding occurred. A carrier is liable in such cases, but where the crowding is on a public sidewalk the carrier has no control, and in order to render a carrier liable where there is crowding on a sidewalk over which the carrier has no police control, some duty on the part of the carrier to anticipate injury from such crowding is absolutely necessary. In Savickas v. Boston Elevated Ry. Co., 239 Mass. 226 (132 N. E. 29), the court held: "If we assume without deciding that the plaintiff was a passenger, there was no evidence of negligence of the defendant. While there was evidence that at the time of the accident there was a large number of persons present who pressed forward for the purpose of boarding the car, and the plaintiff was pushed to the ground, it also appears that the place where the crowd had congregated and the plaintiff was injured was on a public street, over which, or the persons on it, the defendant had no control or authority; consequently it was not negligent in failing to restrain the crowd and to prevent it from pushing the child under the side of the car, while she was standing on the highway. The cases relied on by the plaintiff where passengers have been injured on account of the disorderly and violent conduct of other passengers on cars, station platforms, or in subways of a street railway, are not applicable to the facts at bar." In Bright v. Pennsylvania R. Co., 69 Pa. Super. 188, it was held: "When it is apparent that a railroad company has no control or right of control over an unruly crowd that is not on its property or any property over which it has a contract right of control, a passenger who is injured in the crush of the crowd, cannot recover from the railroad company for the reason that such company could not reasonably have anticipated or guarded against an unexpected movement of an unruly crowd

on the property of another company." In Wagner v. Brooklyn Hts. R. Co., 95 App. Div. 219 (88 N. Y. S. 791), the defendant railroad was held "guilty of no negligence" where it "was not in a position to control the assembling of the crowd" and "was not responsible for police control." In McMahan v. Surface Transp. Corp., 69 N. Y. S. 2d 859, the court stated that the rule is "well settled that there is no liability of the carrier for the pushing of a crowd awaiting to take passage where, as here, there is no station or platform and the intending passengers are waiting in the public street over which the carrier has no control." Nothing is alleged in this case to show that it is more dangerous to enter by the back door of the bus than by the front door and no duty on the uniformed attendant at the rear door is alleged beyond his direction that the passengers enter by the rear door.

The majority opinion does not cite a single case in support of its ruling. It cites one case, which is by implication more strongly against its position than a ruling would have been if it had been affirmatively stated reaching an opposite conclusion. In the *Murphy* case, cited by the majority, the liability of the carrier was based on the knowledge of the carrier that a crowd of persons daily assembled at a certain time near the terminus of the line, for the purpose of becoming passengers on the cars of the company and that such persons stampeded to board the cars before they reached the terminus and overcrowded the entrances to the car, and struggled and pushed against one another in their efforts to enter the cars, and that the servants of the carrier had, from such knowledge, reason to anticipate that a female passenger on the car, *having no knowledge of such custom,* etc., would be injured, etc. The conclusion seems inescapable that the petition in the present case is deficient as against the general and special demurrers in failing to allege that the Transit Company should have anticipated injury, from the facts alleged in the petition. The facts alleged bring this class into the category of criminal acts of third persons where the unanticipated criminal acts of third persons insulate the carrier from liability. While the acts of the third persons may not be actually criminal, they are so closely analagous as to bring this case within the criminal act rule. See also: *Atlantic Coast Line R. Co. v. Godard,* 211 Ga. 373

(86 S. E. 2d 311), authorities cited on page 376. See also: *Gossett v. Atlantic Steel Co.*, 102 Ga. App. 23 (115 S. E. 2d 613); *Covington v. S. H. Kress & Co.*, 102 Ga. App. 204 (115 S. E. 2d 621); *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436, 440 (99 S. E. 2d 209); *Andrews & Co. v. Kinsel*, 114 Ga. 390 (2) (40 S. E. 300, 88 Am. St. Rep. 25); *Daigrepont v. Teche Greyhound Lines*, 189 Ga. 601 (7 S. E. 2d 174, 127 A. L. R. 217); *Rivers v. Weems*, 208 Ga. 783, 784 (69 S. E. 2d 756); *Bowers v. Southern Ry. Co.*, 10 Ga. App. 367 (3) (73 S. E. 677); *Gallovitch v. Ellis*, 55 Ga. App. 780 (191 S. E. 384); *Pinnell v. Yellow Cab Co.*, 77 Ga. App. 73 (47 S. E. 2d 774). See also: Weeks v. Denver Tramway Corporation, 108 F. 2d 509 and cit.; *Box v. Atlantic & B. R. Co.*, 120 Ga. 1050 (48 S. E. 427); *Central of Ga. Ry. Co. v. Hopkins*, 18 Ga. App. 230 (2) (89 S. E. 186); *Georgia R. & Bkg. Co. v. Rives*, 137 Ga. 376, 380 (73 S. E. 645, 38 L. R. A. (NS) 564); *Georgia & Fla. Ry. v. Thigpen*, 141 Ga. 90, 91 (80 S. E. 626).