L. S. K. REALTY CORPORATION *vs.* REVA GLUCK & another. May 31, 1962. Decree affirmed with costs of the appeal to the defendants. By a letter contract the defendants agreed to permit the plaintiff to lay a sewer across the defendants' land "at any time prior to . . . [the defendants'] beginning the construction of the buildings and the paving of the parking area . . . [which the defendants] contemplate for said premises, or after the beginning thereof but at such stages of the work as . . . [the plaintiff] can do so without interfering with . . . [the] work, . . . all . . . to be in such location and in such manner as not materially to interfere with the use of . . . [the defendants'] land." In 1955 the land was undeveloped. By the summer of 1960, substantial buildings and paved areas had been constructed over or near portions of the proposed sewer route. The 1955 letter contract is interpreted in the circumstances as permitting installation of the sewer only prior to the completion of the defendants' 1959 and 1960 construction near the proposed sewer line, even if there was possibility of some further construction there later. Upon the reported evidence, largely oral, the trial judge was justified in concluding that the defendants committed no breach of the 1955 letter contract by refusing in 1960 to permit the plaintiff to construct a sewer, the laying of which "would . . . be prejudicial to the defendants" and "would cause serious hardship . . . to . . . [their] tenants."

*Julian L. Yesley* (*Richard W. Renehan* with him) for the plaintiff.
*A. Morris Kobrick* (*Francis X. Meaney* with him) for the defendants.

VITO PUZZO *vs.* METROPOLITAN TRANSIT AUTHORITY. May 31, 1962. In accordance with the provisions of the report the verdict for the defendant is to stand. The judge, after directing a verdict for the defendant, reported the case to this court. There was no error. No negligence is shown in the circumstance that a passenger among a group boarding a trackless trolley on the front side of a dividing post shoved the plaintiff (as "he went by, hit him in the back") who was waiting behind two other passengers to descend the steps on the other side of the post; "they all kept coming up on the bus, hollering and pushing, and . . . [a]s they were . . . coming in back of him, trying to get in, pushing . . . they were shoving him." The plaintiff's handicap, a paralyzed right leg, evidenced by a leg brace and cane, and known to the operator who had cautioned, "Let him out first," does not alter the result, nor does the fact that the group of eighteen persons waiting to board the bus included boys and girls with books and bags, persons who were "screaming and hollering . . . moving around." *Ritchie* v. *Boston Elev. Ry.* 238 Mass. 473, 474. *MacGilvray* v. *Boston Elev. Ry.* 229 Mass. 65, 68. Compare *Danovitz* v. *Blue Hill St. Ry.* 218 Mass. 42, 44.

*Thomas B. Shea* for the plaintiff.
*Charles S. Walkup, Jr.* for the defendant.