ANDREWS & COMPANY *v.* KINSEL, and *vice versa.*

1. Where the controlling question in a case is raised by a cross-bill of exceptions, and the judgment thereon is reversed, the writ of error on the main bill of exceptions will be dismissed.

2. In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff the independent criminal act of a third person, which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer.

Argued November 22, — Decided December 12, 1901.

Action for damages.   Before Judge Butt.   Muscogee superior court.   February 5, 1901.

*T. T. & B. S. Miller* and *Goetchius & Chappell*, for plaintiffs. *Hatcher & Carson*, for defendant.

LEWIS, J.   Andrews & Company sued Kinsel for $500 damages, making by their petition substantially the following case: The plaintiffs rented from the defendant a storehouse in the city of Columbus, in which they transacted a mercantile business, and it was the duty of the defendant, as the landlord of the plaintiffs, to keep the premises in good repair.   The defendant also owned the storehouse adjoining that rented by the plaintiffs, a partition wall dividing the two stores.   On a named day the defendant, by his agents and servants, entered his storehouse adjoining the plaintiffs' place of business, for the purpose of making certain repairs thereon, and in making the repairs the partition between the two storehouses was removed, or partly removed, leaving the store of the plaintiffs exposed and unprotected; and upon leaving the place at night, the defendant's agents and servants negligently and carelessly left open two rear windows in the store next to that of the plaintiffs, thereby rendering it easy to effect an entrance into the plaintiffs' store through the rear windows and the opening in the partition.   On the night in question a burglar or burglars did gain entrance to the plaintiffs' store in the manner described and steal from the plaintiffs a large quantity of merchandise, to their damage as aforesaid.   No notice was given to the plaintiffs that the partition had been removed, or that the windows had been left open; and this also is alleged to have been negligence.   The defendant filed a demurrer to the petition, which was overruled; and he also

filed an answer, in which he denied liability, and denied that he had been negligent as alleged.    The case went to trial, and at the conclusion of the evidence for the plaintiffs, the court, on motion of defendant's counsel, granted a nonsuit.    To this ruling the plaintiffs excepted; and the defendant filed a cross-bill of exceptions in which he assigned error upon the overruling of his demurrer.

1. As, in our opinion, the court below should have sustained the demurrer filed by the defendant, and the refusal to do so was reversible error, the writ of error issued upon the main bill of exceptions will, under the ruling of this court in *Rives* v. *Rives*, 113 *Ga.* 392, be dismissed.

2. It is unnecessary to argue or to cite authorities to sustain the well-settled legal principle that, to enable one to recover for damages resulting from the negligent conduct of another, it must appear that the negligence of the defendant was the proximate cause of the injury sustained.    It is also a well-recognized principle that where there has intervened between the defendant's negligent act and the injury an independent illegal act of a third person producing the injury, and without which it would not have happened, the latter is properly held the proximate cause of the injury, and the defendant is excused.    8 Am. & Eng. Enc. L. (2d ed.) 580.    As is stated in 1 Shearman & Redfield on Negligence (5th ed.), § 25, "The defendant's negligence may put a temptation in the way of another person to commit a wrongful act, by which the plaintiff is injured; and yet the defendant's negligence may be in no sense a cause of the injury.".    Thus, in Tennessee, a defendant was held not liable for the negligent failure to keep a night watchman on guard over the property of the plaintiff, as a result of which an incendiary set fire to the property.    State *v.* Ward, 9 Heisk. 133.    In New York it is held that the relation of cause and effect between the negligence of the defendant and the injury to the plaintiff can not be made out by including the independent illegal acts of third persons, and that the defendant can not be made accountable for the unauthorized illegal acts of other persons, although his own conduct may have indirectly induced or incited the commission of the acts.    Olmstead *v.* Brown, 12 Barb. 662.    And in Crain *v.* Petrie, 6 Hill, 524, the following language is used:   "To maintain a claim for special damages, they must appear to be the legal and natural consequences arising from the tort, and not from the wrong-

ful act of a third party remotely induced thereby." See also Shugart *v.* Egan, 83 Ill. 56; Bosworth *v.* Brand, 1 Dana (Ky.), 377; Carpenter *v.* R. Co., 13 Hun, 328. This principle is also well established in Georgia by the cases of *Belding* v. *Johnson*, 86 *Ga.* 177, and *Henderson* v. *Dade Coal Co.*, 100 *Ga.* 568. In the former case it was held that a widow could not recover damages of a barkeeper for the homicide of her husband, who was killed in an encounter with a third person, the quarrel leading up to the encounter having been the result of intoxication produced by liquor illegally sold to the slayer of plaintiff's husband by the barkeeper. In the *Henderson* case, the lessee of a convict was held not liable for the criminal act of the convict, by which a third party suffered damage, although the lessee negligently placed it in the power of the convict to commit the crime. These cases, it will be seen, are closely in point. The rule is aptly and rather quaintly stated in Wharton on Negligence (2d ed.), § 134, in the following language: "I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor, and insulates my negligence, so that I can not be sued for the mischief which the person so intervening directly produces." Applying these principles to the case now before us, it is manifest that the plaintiffs did not make out a cause of action by their petition. Granting as true all of their allegations as to the negligence of the defendant, it is also true, upon the face of their pleadings, that there intervened, as a direct cause between the negligence of the defendant and the damage sustained by themselves, the independent criminal act of a responsible human agency. The demurrer to the petition should have been sustained.

*Writ of error on main bill of exceptions dismissed; judgment on cross-bill reversed. All the Justices concurring.*