8896.   HARPER *v.* FULTON BAG AND COTTON MILLS.

</div>

LUKE, J. The plaintiff alleged, that he was an employee of the defendant, working under Courley and Turner; that on the same floor on which he worked there was a different department under the supervision of Jim Clay, who had no authority or control over him; that between the room in which he worked and that in which Clay worked there was a hallway, on one side of which was an elevator; that near the door in the room in which he worked there was a water-hydrant; that he was sent by his superior officer to the shop of the defendant to perform a duty; that the nearest and most convenient way for him to go to the shop was through two rooms and then through the room where Clay worked, and on to the shop; that after he had finished his duty at the shop he returned through the room where Clay worked; that after passing through this room into the adjoining room he

stopped to get a drink of water, and about the time he finished getting the water Clay came into the room where the hydrant was located, and assaulted him by beating him and shoving him back through the door near the elevator, and when near the elevator Clay gave him "a hard, vicious knock and lick," and he fell backward against the door of the elevator and elevator-shaft; that the door gave way under the impact of his weight, and he fell into and through the elevator-shaft, receiving injuries; that the door or gate to the elevator was loose and insecure, and that this fact was not known to him, but was known to the defendant company, and by the exercise of ordinary care the defendant ought to have known of this defective condition; and that the defendant was negligent in having and using the defective door or gate, and in failing to inspect it and to keep it in proper repair, so as to prevent any one who might stumble or otherwise fall against it from being precipitated into said elevator-shaft. To this petition the defendant demurred upon the grounds: (a) that no cause of action is set out against this defendant; (b) because the alleged negligence of the defendant was not the proximate cause of the plaintiff's injury; (c) because, if defendant was negligent as alleged, the criminal conduct of Clay intervened and was the proximate cause of the injury. *Held*, that it was not error to sustain the general demurrer and to dismiss the suit. *Mayor &c. of Macon* v. *Dykes*, 103 *Ga.* 847 (31 S. E. 443); *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109); *Beckham* v. *Seaboard Air-Line Ry.*, 127 *Ga.* 550 (56 S. E. 638, 12 L. R. A. (N. S.) 476); *Shaw* v. *Macon*, 6 *Ga. App.* 306 (64 S. E. 1102); *A. C. L. R. Co.* v. *Adeeb*, 15 *Ga. App.* 842 (84 S. E. 316); *Andrews* v. *Kinsel*, 114 *Ga.* 390 (40 S. E. 300, 88 Am. St. R. 25); *Bowers* v. *Southern Ry. Co.*, 10 *Ga. App.* 367 (73 S. E. 677).

<div align="center">Judgment affirmed. Wade, C. J., and Jenkins, J., concur.
Decided November 16, 1917.</div>

Action for damages; from city court of Atlanta—Judge Reid. March 27, 1917.

*J. Mallory Hunt*, for plaintiff.

*Rosser, Slaton, Phillips & Hopkins*, for defendant.