18698, 18699. ARTOPE *v.* CENTRAL OF GEORGIA RAILWAY COMPANY (two cases).

BROYLES, C. J. 1. "To entitle a party to recover damages of a railroad company on account of the negligence of its agents, it should appear that the negligence was the natural and proximate cause of the injury; for should it appear that the negligence of the railroad company would not have damaged the party complaining but for the interposition of a separate, independent agency, over which the railroad company neither had nor exercised control, then the party complaining can not recover." *Perry v. Central Railroad,* 66 *Ga.* 746 (5). See also *Andrews v. Kinsel,* 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25); *Beckham v. Seaboard Air-Line Ry.,* 127 *Ga.* 550 (2) (56 S. E. 638, 12 L. R. A. (N. S.) 476); *Bowers v. Southern Railway Co.,* 10 *Ga. App.* 367 (3) (73 S. E. 677); *City of Albany v. Brown,* 17 *Ga. App.* 707 (88 S. E. 215); *Harper v. Fulton Bag & Cotton Mills,* 21 *Ga. App.* 322 (94 S. E. 286); *Atlantic Coast Line R. Co., v. Adeeb,* 15 *Ga. App.* 842 (3) (84 S. E. 316); *Shaw v. Mayor &c. of Macon,* 6 *Ga. App.* 306 (64 S. E. 1102). Under the above-stated ruling, the petition in each of the instant cases failed to set out a cause of action and was properly dismissed on demurrer.

> *Judgments affirmed. Luke and Bloodworth, JJ., concur.*

> DECIDED APRIL 10, 1928.

*Walter DeFore, James C. Estes,* for plaintiff.
*Cleveland, Goodrich & Cleveland,* for defendant.