## 21051.   ATLANTA, BIRMINGHAM & COAST RAILROAD COMPANY *v.* SMITH *et al.*

DECIDED JUNE 15, 1931.

458

*Brandon & Hynds, Jay & Garden,* for plaintiff in error.

*W. H. Dorris, D. C. Browder,* contra.

BELL, J. (After stating the foregoing facts.) Questions of diligence and negligence, including contributory negligence, lie peculiarly within the province of the jury, and the courts will decline to solve them as a matter of law except in plain and indisputable cases. In the exercise of this function the jury is the proper tribunal to determine also the question of proximate cause, and to ascertain what negligence as well as whose negligence should be said to have produced an injury the cause of which is a matter of controversy upon such grounds. *Reed* v. *Southern Railway Co.,* 37 *Ga. App.* 550 (4) (140 S. E. 921), and cit. "All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road law." Civil Code (1910), § 2673. This provision of law applies as well to streets as to public roads or private ways established pursuant to law. *Western & Atlantic R. Co.* v. *Atlanta,* 74 *Ga.* 774. Since the law made it the duty of the defendant to keep the crossing in good order, if the condition complained of was produced by some cause not attributable to the negligence of the

defendant and had existed for so short a time that it could not have been charged with notice thereof, this would be a matter for defense.

It is said for the defendant that a mathematical calculation will demonstrate that the allegation as to the ascent of thirty-five degrees can not be true; also that this court should know, without proof, that the wheels of the automobile would not have mounted a rail protruding ten or twelve inches above the ground, unless it was traveling at a speed much greater than fifteen miles per hour. Even so, we are still of the opinion that the petition set forth a cause of action. The fact that the grade may have been considerably less steep and that the vehicle was being operated at a speed prohibited by statute, would not show as a matter of law that the negligence of the driver was the proximate cause of the damage. *Hughes* v. *Atlanta Steel Co.*, 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C, 394); *Louisville & Nashville R. Co.* v. *Stafford,* 146 *Ga.* 206 (91 S, E. 29); *Central of Georgia Ry. Co.* v. *Moore,* 149 *Ga.* 581 (101 S. E. 668); *Georgia Ry. & Power Co.* v. *Reid,* 26 *Ga. App.* 720 (107 S. E. 100). Does the petition in fact disclose that the automobile was being driven at a speed prohibited by law? See *Sapp* v. *Elrod,* 41 *Ga. App.* 356 (153 S. E. 73). In the absence of any notice or knowledge to the contrary, the driver had the right to assume that the track was in good order (*Bryant* v. *Georgia Power Co.,* 162 *Ga.* 511 (2), 134 S. E. 319), and the petition does not show affirmatively and as a matter of law that by the exercise of ordinary care he should have discovered the defect in time to avoid the injury. *Atlantic Coast Line R. Co.* v. *Wildman,* 29 *Ga. App.* 745 (4) (116 S. E. 858); *City of Macon* v. *Jones,* 36 *Ga. App.* 799 (138 S. E. 283); *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (5) (148 S. E. 421).

Counsel for the plaintiff in error referred to the fact that a special demurrer was filed, but have made no sort of argument or insistance thereon. The grounds of special demurrer are therefore treated as abandoned.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*