27309. WILSON *v.* CAPITAL AUTOMOBILE COMPANY.

DECIDED MARCH 15, 1939. REHEARING DENIED MARCH 30, 1939.

*William A. Thomas,* for plaintiff.
*Harry S. McCowen,* for defendant.

STEPHENS, P. J. 1. Where an automobile dealer, to whom an automobile was sold or transferred by its owner, agreed with the owner "to attend to and guarantee the transfer of ownership [of the automobile], so that same would not any longer exist and appear of record in the automobile registration of license records at the Georgia State Capitol in the name of" the owner, but where the dealer failed to do this, and, without changing the license plate on the automobile, the automobile was registered under the number contained thereon with a department of the State, and the

dealer sold and transferred the automobile to another person, with the same license plate on the automobile, and where afterwards some unknown person used the automobile with the same license plate thereon, and perpetrated a "hold-up" and ran over a woman, and where police officers, after ascertaining that the automobile was being operated with the license number thereon registered in the name of the former owner in a department of the State government, sought out the former owner, charged him with the commission of a crime, and arrested him, the act of the automobile dealer in failing to have the ownership of the automobile transferred from the name of the original owner, and in selling and transferring the automobile to another person without changing the license plate thereon which was registered in the name of the former owner, was not the proximate cause of the act of the police officers in charging the former owner of the automobile with a crime and arresting him. The proximate cause of the criminal charge and arrest was the intervening act of the police officers, which could not reasonably have been anticipated or foreseen by the automobile dealer. It was not the failure of the dealer to have the ownership of the automobile transferred from the name of the original owner and in selling and transferring it to another person with the original owner's license plate thereon. *Andrews* v. *Kinsel,* 114 *Ga.* 390 (40 S. E. 300, 88 Am. St. R. 25) ; *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109).

2. In a suit by the original owner against the dealer, to recover damages for the act of the police officers in charging the plaintiff with a crime and arresting him, the petition failed to set out a cause of action, and the court did not err in sustaining the demurrer.

3. Furthermore, the plaintiff does not allege that when he sold the automobile to the Capital Automobile Company, he made a written assignment and transfer of his certificate of registration to the Capital Automobile Company and delivered the certificate to it, and for this reason the petition was subject to general demurrer. Code, § 68-207.

*Judgment affirmed. Sutton and Felton, JJ., concur.*