19729.  GULF OIL CORPORATION *v.* STANFIELD.

SUBMITTED JUNE 10, 1957—DECIDED JULY 3, 1957—REHEARING
DENIED JULY 22, 1957.

*Harris, Russell, Weaver & Watkins,* for plaintiff in error.

*W. T. Roberts, Martin, Snow & Grant, Hollis Fort, Jr., A. C. Felton, III, W. F. Blanks,* contra.

HEAD, Justice. A breach of duty to the State does not necessarily involve a breach of duty to others. Hence the violation of a penal statute can not be relied upon as actionable negligence, unless such violation is the proximate cause of the injury.

"The mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular, at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages, unless such violation of law was the efficient cause of the injury." *Central of Ga. Ry. Co.* v. *Moore,* 149 *Ga.* 581, 583 (101 S. E. 668). In the above case it was held that the failure of a person to obtain a license for a motor vehicle would not render the person a trespasser or bar his right of recovery against a railway company for negligence.

In *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 587 (188 S. E. 566), it was said that the failure to obtain a license for a car operated by the plaintiff did not constitute contributory negligence, and had no causal relation to the injuries sustained by him. In *Aycock* v. *Peaslee-Gaulbert Paint & Varnish Co.,* 60 *Ga. App.* 897 (5 S. E. 2d 598), it was said that operating an automobile without a driver's license is actionable negligence only when there is a proximate causal connection between the violation and the injury complained of. To the same effect see *Windsor* v. *Chanticleer & Co.,* 89 *Ga. App.* 116, 118 (78 S. E. 2d 871).

In *Atlanta, B. & C. R. Co.* v. *Smith,* 43 *Ga. App.* 457, 459 (159 S. E. 298), it was said that the fact that a motor vehicle was being operated at a speed prohibited by statute would not show, as a matter of law, that the negligence of the driver was the proximate cause of his damage. In *Andrews* v. *Lofton,* 80 *Ga. App.* 723 (57 S. E. 2d 338), it was said that the absence of a license to practice medicine will not of itself authorize an inference of negligence where one attempts to operate upon another

and injures him. In *Hudgens* v. *Douglas*, 56 *Ga. App.* 877 (194 S. E. 398), it was said that a violation of the statute in failing to register a trade name had no causal relation to the injury complained of.

Code § 95-2002, cited by the Court of Appeals in the present case, is a penal statute prohibiting the erection of signs within rights-of-way of public highways. The violation of a penal statute is actionable negligence when the violation is the proximate cause of the injuries complained of, or where there is a proximate causal connection between the violation and the injury. The facts alleged must control, and not the conclusions of the pleader, in determining the proximate cause of the injuries alleged.

The allegation that "the illegal erection of the sign on the steel pole by the defendant Gulf Oil Corporation acted as an invitation to the defendant Johnson to illegally park his car on the right of way at the point in question," is not asserted as constituting an act of negligence on the part of the defendant, but if so charged, it would not authorize the ruling made by the Court of Appeals. It has long been the rule in this State that general allegations, consisting merely of a statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue. *Jones* v. *Ezell*, 134 *Ga.* 553 (5) (68 S. E. 303); *Harper* v. *Lindsey*, 162 *Ga.* 44, 47 (132 S. E. 639); *Page* v. *Sansom*, 184 *Ga.* 623, 626 (192 S. E. 203); *Butler* v. *City of Dublin*, 191 *Ga.* 551, 555 (13 S. E. 2d 362); *Marlin* v. *Hill*, 192 *Ga.* 434 (15 S. E. 2d 473); *Fowler* v. *Southern Airlines, Inc.*, 192 *Ga.* 845, 850 (16 S. E. 2d 897); *Horton* v. *Sanchez*, 57 *Ga. App.* 612, 618 (195 S. E. 873).

If it should be conceded, however, that the defendant Gulf Oil Corporation was negligent in the erection of the steel pole and sign, the plaintiff could not recover against this defendant. "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer. Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be

recovered; but damages traceable to the act, but not its legal or natural consequence, are too remote and contingent." Code §§ 105-2008, 105-2009.

In *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 152 (1) (42 S. E. 395, 59 L.R.A. 109), it was held: "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act."

In the present case, the allegations of the petition show that, subsequently to the erection of its pole by the defendant Gulf Oil Corporation, two acts occurred resulting in the plaintiff's damages: first, the parking of the car at the particular time and place by the son of one of the defendants, and, second, the operation of a truck by the son of the other defendant, at an excessive and unlawful rate of speed, off of and beyond the paved surface of the highway, and into the parked car, and thus driving it into the pole of Gulf Oil Corporation. Such consequences could not reasonably have been anticipated by Gulf Oil Corporation, and its participation in the plaintiff's damages are too remote to be the basis of any recovery. From the allegations of the petition, it clearly appears that the intervening acts of the other two defendants must be said to be the proximate cause of the plaintiff's damages.

"If damages are traceable to an act of negligence, but are not its legal or material consequence, or if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery." *Mayor &c. of Macon* v. *Dykes*, 103 *Ga.* 847, 848 (31 S. E. 443); *Southern Transportation Co.* v. *Harper*, 118 *Ga.* 672 (45 S. E. 458); *Postal Telegraph-Cable Co.* v. *Kelly*, 134 *Ga.* 218 (67 S. E. 803); *Williams* v. *Grier*, 196 *Ga.* 327 (26 S.

E. 2d 698); *Harper* v. *Fulton Bag & Cotton Mills*, 21 *Ga. App.* 322 (94 S. E. 286); *Higginbotham* v. *Rome Ry. &c. Co.*, 23 *Ga. App.* 753, 755 (99 S. E. 638); *Gillespie* v. *Andrews*, 27 *Ga. App.* 509, 510 (108 S. E. 906); *Georgia Ry. & Power Co.* v. *Bryans*, 35 *Ga. App.* 713 (134 S. E. 787); *Artope* v. *Central of Ga. Ry. Co.*, 38 *Ga. App.* 91 (143 S. E. 127); *Morrison* v. *Columbus Transportation Co.*, 39 *Ga. App.* 708, 710 (148 S. E. 276); *Kleinberg* v. *Lyons*, 39 *Ga. App.* 774, 776 (148 S. E. 535); *City of Atlanta* v. *Guice*, 41 *Ga. App.* 146, 148 (152 S. E. 144); *Cain* v. *State*, 55 *Ga. App.* 376, 381 (190 S. E. 371); *Wilson* v. *Capital Auto Co.*, 59 *Ga. App.* 834 (2 S. E. 2d, 147); *Wright* v. *Southern Ry. Co.*, 62 *Ga. App.* 316, 320 (7 S. E. 2d 793); *Seymour* v. *City of Elberton*, 67 *Ga. App.* 426, 433 (20 S. E. 2d 767); *Southeastern Stages* v. *Abdella*, 75 *Ga. App.* 38 (41 S. E. 2d 799); *Irwin* v. *Georgia Power &c. Co.*, 84 *Ga. App.* 665 (67 S. E. 2d 151); *Peggy Ann of Georgia, Inc.* v. *Scoggins*, 86 *Ga. App.* 109, 115 (71 S. E. 2d 89).

"In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff the independent criminal act of a third person, which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer." *Andrews & Co.* v. *Kinsel*, 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25); *Daigrepont* v. *Teche Greyhound Lines*, 189 *Ga.* 601 (7 S. E. 2d 174, 127 A.L.R. 217); *Rivers* v. *Weems*, 208 *Ga.* 783, 784 (69 S. E. 2d 756); *Bowers* v. *Southern Ry. Co.*, 10 *Ga. App.* 367 (3) (73 S. E. 677); *Gallovitch* v. *Ellis*, 55 *Ga. App.* 780 (191 S. E. 384); *Pinnell* v. *Yellow Cab Co.*, 77 *Ga. App.* 73 (47 S. E. 2d 774).

In the present case it appears that the criminal act of a third person, which was the direct and proximate cause of the plaintiff's damage, to wit, the operation of a motor vehicle at an excessive and unlawful rate of speed, intervened between the alleged negligence of the defendant Gulf Oil Corporation and the damages sustained by the plaintiff, and the petition was properly dismissed as to this defendant on general demurrer.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., and Mobley, J., who dissent. Almand, J., concurs in the judgment only.*