36988. HULSEY *et al. v.* ATLANTA TRANSIT SYSTEM, INC.

NICHOLS, Judge. 1. Code (Ann.) § 6-911 (2) provides: "In cases where such party [the defendant in error] is the State, or where such opposite party does not reside in the county where such bill of exceptions is sued out, and such bill of exceptions cannot be served personally upon the attorney of such opposite party by reason of his absence from the county of his residence, service may be perfected by leaving a copy of such bill of exceptions at the residence of such attorney."

2. " 'Service of the bill of exceptions, or due and legal waiver or acknowledgment of service, is essential to give this court jurisdiction of the cause.' *Izlar* v. *Central of Georgia Railway Co.,* 162 *Ga.* 558 (134 S. E. 315); *Warnock* v. *Woodard,* 183 *Ga.* 367 (188 S. E. 336)." *South Side Atlanta Bank* v. *Anderson,* 200 *Ga.* 322 (3) (37 S. E. 2d 404).

3. The Act of 1957 (Ga. L. 1957, pp. 224, 227) amending Code § 6-1202, by authorizing this court to order certain persons, properly denominated as defendants in error, served, is not applicable where no person who so properly denominated would be a defendant in error is properly served. *Anderson* v. *Heyward,* 96 *Ga. App.* 683 (101 S. E. 2d 110).

4. In the present case, where the defendant in error named in the bill of exceptions was a nonresident of the county where the bill of exceptions was sued out, the first requisite of Code (Ann.) § 6-911 (2), supra, was met, but where there is more than one attorney for such defendant in error it is necessary, (inasmuch as personal service is required and in order to confer jurisdiction upon this court without personal service the exceptions must be shown) that all the attorneys for the defendant in error be absent from the county of their residence before valid service may be perfected by leaving a copy of such bill of exceptions at the residence of one of such attorneys. Accordingly, where it was not shown that *all* such attorneys were

away from the county of their residence the purported service by leaving a copy of the bill of exceptions at the home of the one attorney who was away from the county of his residence did not amount to a valid service, and the writ of error must be dismissed.

*Writ of error dismissed. Felton, C.J., and Quillian, J., concur.*

DECIDED JANUARY 28, 1958—
REHEARING DENIED FEBRUARY 18, 1958.

*Marson G. Dunaway, Jr.,* for plaintiffs in error.

*Jule W. Felton, Jr., Russell M. Striplin, William W. Mundy, Crenshaw, Hansell, Ware & Brandon,* contra.