36988. HULSEY *et al. v.* ATLANTA TRANSIT SYSTEM, INC.

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 16, 1958.

*Marson G. Dunaway, Jr.,* for plaintiffs in error.
*Jule W. Felton, Jr., Russell M. Striplin, William W. Mundy, Crenshaw, Hansell, Ware & Brandon,* contra.

2

NICHOLS, Judge. ■ On January 28, 1958, this court rendered a judgment dismissing the writ of error (*Hulsey* v. *Atlanta Transit System, Inc.*, 97 *Ga. App.* 187, 102 S. E. 2d 705). Thereafter, after the grant of the writ of certiorari, the Supreme Court of Georgia reversed the judgment of this court (*Hulsey* v. *Atlanta Transit System, Inc.*, 214 *Ga.* 210, 104 S. E. 2d 94). Accordingly, the judgment of dismissal originally entered by this court is vacated.

■ The petition, as finally amended, shows that Paul Hulsey's wife (Vickie Hulsey's mother) died as the result of injuries sustained when an automobile in which the deceased was a guest struck the rear of a trackless trolley bus owned by the defendant Atlanta Transit System, Inc.

In considering assignments of error in the case with reference to the alleged negligence of the defendant Atlanta Transit System, Inc., it will be conceded, *but not decided*, that the petition does allege that the joint defendant is liable for gross negligence in the operation of the automobile in which the deceased was riding as a guest. This automobile was owned by the joint defendant and was being driven at the time by his wife.

The plaintiff's petition, succinctly stated, alleged that the automobile in which the deceased was a guest struck the rear of a trackless trolley bus at about noon on August 27, 1956, that the bus was eight feet five inches wide, approximately twenty feet high and was a faded yellow color which made it difficult for the driver of the car in which the deceased was riding to determine if such bus was moving, that the bus was standing alongside the right hand curb, that the driver was not present and in charge of the bus, that no warning signs (either flags, signs or signals) were placed on or about the bus to warn approaching motorists of the fact that the bus was stopped on and obstructing the road, that the roadway was 32 feet wide, that under a pleaded ordinance of the City of Atlanta, which provides: "No person shall stop or stand any truck or bus with a body more than 8 feet wide or 10 feet high on any street or public place without the driver or chauffeur being actually present and in charge thereof," the defendant transit company was negligent per se in leaving the bus on the street unattended, that the bus was first visible to

the driver of the automobile in which the deceased was riding when she was 100 yards from the parked bus, that the driver of the automobile did not become aware of the fact that the bus was not moving until she was just a few yards from the bus, and that the faded yellow color of the bus plus its shape and size, as alleged, caused the operator of such automobile to believe that the same was moving and not parked.

For a thorough discussion of some of the cases involving collisions of the type here involved see *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d 18). See also *Pittman* v. *Staples,* 95 *Ga. App.* 187 (97 S. E. 2d 630). In the last cited case this court held in a case *somewhat* similar to the case sub judice that a jury question was presented. The primary distinctions between the two cases seem to be that in the *Pittman* case the collision took place on a "state-aid road" where vehicles would be expected to travel at higher speeds, and the fact that in that case the driver of the car in which the plaintiff was a guest did not see the parked vehicle until after passing another vehicle.

The present case is controlled by the decision in *Davis* v. *Tanner,* 75 *Ga. App.* 296 (43 S. E. 2d 165), where it was held that the negligence of the driver of the vehicle striking the rear of the stopped bus was the sole proximate cause of the plaintiff's injuries regardless of whether or not the carrier was negligent.

Accordingly, the trial court did not err in sustaining the general demurrers of the defendant Atlanta Transit System, Inc.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend and Carlisle, JJ., concur. Quillian, J., dissents.*

QUILLIAN, Judge, dissenting. I think the proximate cause is a jury question. See *Rogers* v. *Johnson,* 94 *Ga. App.* 666 (96 S. E. 2d 285); *Associated Transports, Inc.* v. *Greeson,* 94 *Ga. App.* 47 (93 S. E. 2d 417); *Pitts* v. *Farlow,* 94 *Ga. App.* 314 (94 S. E. 2d 391); *Atlantic Coast Line R. Co.* v. *Coxwell,* 93 *Ga. App.* 159 (2) (91 S. E. 2d 135). The main case in which it is made to plainly appear the rule is different is where a plaintiff drives into a stationary object and where a driver over whom he has no control does so is *Pittman* v. *Staples,* 95 *Ga. App.* 187 (97 S. E. 2d 630). A very similar case to the one at bar is *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d 18).

ON MOTION FOR REHEARING.

The plaintiffs contend that in *Pittman* v. *Staples, 95 Ga. App.* 187, supra, the defendant was guilty of negligence per se in having stopped his vehicle within 12 feet of the center line and that here the corporate defendant was guilty of negligence per se in leaving the bus unattended, and that therefore the cases are not distinguishable.

There is no contention made, nor can a contention be made under the allegations of the petition, that the mere placing of the corporate defendant's bus alongside the curb amounted to negligence per se in and of itself, for the violation of the ordinance alleged to be negligence per se is having left the bus *unattended.* Had the operator of the bus been in the bus at the time of the collision *attending the bus* it would have in no way prevented the driver of the automobile in which the deceased was riding from crashing such automobile into the rear of the parked bus.

" 'The mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular, at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages, unless such violation of law is the efficient cause of the injury.' *Central of Ga. Ry. Co.* v. *Moore, 149 Ga.* 581, 583 (101 S. E. 668)." *Gulf Oil Corp.* v. *Stanfield, 213 Ga.* 436, 437 (99 S. E. 2d 209).

The sole proximate cause of the collision in the present case, under the allegations of the plaintiffs' petition, was the negligence of the driver of the vehicle in which the deceased was a guest.

*Rehearing denied.*