37493. MATHESON *v.* CHARLES R. SHEPHERD, INC., *et al.*

Decided February 2, 1959—Rehearing denied February 25, 1959.

*B. D. Murphy, Robert R. Harlin, Jas. K. Rankin,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Robert L. Pennington, Wm. B. Huff,* contra.

GARDNER, Presiding Judge. We are concerned here only with the sustaining of the general demurrer as to the defendant Shepherd.

If a petition shows a duty on the part of a defendant, a breach of that duty and damages resulting from that breach, the petition should not be dismissed on general demurrer. See *Harvey v. Zell,* 87 *Ga. App.* 280 (73 S. E. 2d 605). Where a contract calls for a contractor to maintain adequate barricades, etc. and where such contractor fails to do so and injury or damages result from such failure, then a petition against such defendant should not be dismissed on general demurrer. In the case of *Trammell v. Matthews,* 84 *Ga. App.* 332 (66 S. E. 2d 183) the construction company did not exercise ordinary care to protect the public from injuries because the construction was defective. However in the instant case a member of the general public came upon a portion of the road in question here. There was no defect in the road. Moreover the petition alleges that the defendant Boling, the driver of the vehicle which went upon the expressway, was driving at a speed in excess of 70 miles per hour; that he was not keeping a proper lookout ahead and did not give any warning to the driver of the vehicle in which the plaintiff was riding and did not have his own vehicle under control so that he would be able to avoid striking the vehicle in which the plaintiff was riding. It is true that the defendant was to erect barricades, etc.

It appears from the record before us that the section used was in suitable condition for travel and was so being used. The contractor could not close a section of the road to workers and subcontractors going to and from work according to the allegations of the petition.

Paragraph 7 of the petition alleges that the "northwest bound side of the expressway was protected.". The defendant Boling was traveling in that direction and should have noted that the road was not open to the pubilc. It is true that in cases where a bridge is out, for instance, and there are no barricades or warning devices of any nature, such constitutes actionable negligence, but in the instant case there was no defect in the road.

This court and the Supreme Court have had questions similar to this one for consideration many times. Such questions have been determined always according to the facts of the respective cases. However, in the instant case it appears palpably clear, plain and indisputable that the alleged reckless driving of the defendant Boling was the proximate cause of the injury. In view of the pleadings before us in this case the trial court did not err in sustaining the general demurrer as to the defendant Shepherd.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, Judge, concurring specially. J. C. Matheson filed an action for damages for injuries resulting from an automobile collision in the Superior Court of DeKalb County against Charles R. Shepherd, Inc., a construction company, and H. Benning Boling, alleging in substance the following: the defendant corporation entered into a contract with the State Highway Department covering the construction of a portion of the northeast leg of the Atlanta Expressway northeast of the Clairmont overpass. The expressway is a four-lane highway and had been opened for public use to the point where this defendant's construction project began. North of the Briarcliff overpass it had not been approved or opened for use by the public, but was open for use of the various contractors and their employees. North of the Briarcliff overpass, and about one fourth of a mile south of the Tucker-Chamblee overpass, the two westerly lanes were

impassable because they had been freshly "black-topped." The plaintiff, an employee of another contractor engaged in building bridges, was proceeding home as a passenger in a truck which was being driven in a southwesterly direction between the Tucker-Chamblee overpass and the Briarcliff overpass, in the right-hand lane of the only two lanes open for traffic at that point. A northeast-bound automobile was approaching in its right-hand lane, the extreme easterly lane, and the defendant Boling, proceeding in the same direction, passed this vehicle on the left (the lane in which the plaintiff was approaching) at a speed of over 70 miles per hour, without first ascertaining that this lane was free of oncoming vehicles, without keeping a proper lookout ahead, without having his automobile under control, and without giving any warning to the vehicle in which plaintiff was riding, thus resulting in a head-on collision between the defendant Boling's Ford automobile and the truck in which the plaintiff was riding, and causing him certain severe and permanent injuries. The plaintiff joined Boling and the corporation as defendants, alleging as negligence on the part of the contractor its failure to maintain necessary barricades so as to keep unauthorized vehicles of the public off the unopened portion of the expressway, failure to maintain appropriate warning and danger signals and signs at the beginning of its project, failure to provide a watchman at the Briarcliff overpass to keep unauthorized vehicles off the unopened portion of the expressway, and failure to take any other precautions for the protection and safety of the plaintiff.

Error is assigned on the judgment of the trial court sustaining the general demurrer of the contractor, Charles R. Shepherd, Inc., and dismissing it as a party defendant.

While it is contended that under the allegations of the petition the sole proximate cause of the plaintiff's injuries was the active negligence of the defendant Boling in recklessly passing another automobile in excess of the legal speed limit without first ascertaining whether the road ahead was clear, this question need not be decided, for unless the contractor was guilty of a breach of its legal duty to the plaintiff it was not negligent, and the question of intervening efficient cause of injury is not involved.

Where a petition fails to allege such a state of circumstances as to show a duty on the defendant to protect the plaintiff from the injury for which he sues, and it does not disclose that the defendant was legally responsible for the conduct of the persons through whom the injury was immediately committed, such defendant is not guilty of negligence as to the plaintiff. *Green v. Massee & Felton Lumber Co.*, 6 *Ga. App.* 389 (65 S. E. 44). From the allegations of the petition it appears that two lanes of the four-lane highway contemplated were free from any defect and were passable by traffic between the Briarcliff and the Tucker-Chamblee overpasses. It does not appear that the defendant contractor had any duty or authority to approve or disapprove the use of this highway by the public as a general proposition. What, under its contract with the State Highway Department, it did have a duty to do was "take all necessary precautions for the protection of the work and safety of the public" and "erect warning signs beyond the limits of the project" and also erect such signs or barricades "at least 500 feet in advance of any place on the project where operations interfere with the use of the road by traffic." The petition states that the project began at the Clairmont overpass and fails to allege that no warning signs were erected at that point; therefore, construing the petition against the pleader, it must be assumed that proper warning signs were in place there. There was no barricade or other warning for northerly traffic at the Briarcliff overpass, but this two-lane road, so far as appears from the petition, was in no way obstructed so as to require such warning. The petition affirmatively alleges that "defendant corporation had allowed the barricades at the beginning of the project, the Briarcliff overpass, to become in bad repair, so that it protected only the northeast bound side of the Expressway." This allegation is confusing and contradictory with other allegations (a) that "unauthorized vehicles were allowed to drive onto the unopened portion of the expressway in a northeasterly direction" and (b) that the defendant's project covered that portion of the expressway northeast of the *Clairmont* overpass. Accordingly, construing the petition on demurrer against the plaintiff, as we must, there appears no such defect in the road as would

raise a legal duty on the part of the defendant to put up other barricades so as to keep all public travel off of the two northeasterly lanes on which the collision occurred. *Trammell* v. *Matthews*, 84 *Ga. App.* 332 (66 S. E. 2d 183) and like cases are not in point because they deal with the duty of a defendant engaged in the construction or repair of a road to give warning of obstructions existing in the road which may prove hazardous to passing motorists. In *Schwarcz* v. *Charlton County*, 211 *Ga.* 923, 930 (89 S. E. 2d 881) it was stated: "Though a contractor must protect the public from dangerous conditions in the highway resulting from his work, no duty aside from statute is imposed upon him to protect the traveling public against dangerous or defective conditions of the highway caused by others." It appears from this petition that the only danger with which the plaintiff was confronted, and the one which actually injured him, was that caused by another user of the highway who turned into the plaintiff's lane of traffic. A duty to take all necessary precautions for the safety of the public may include, on the part of the contractor, a duty to warn those whom it should anticipate will use the roadway that, at a certain point thereon, they are no longer on a four-lane highway, but on a two-lane road in which approaching traffic may be expected. It is possible that the defendant Boling was proceeding along the expressway in a northeast direction and entered the part of the project under the defendant's control with no notice or knowledge that the character of the road had changed so that the lane in which the plaintiff was approaching was no longer a one-way passing lane, but was in fact a lane to be used by approaching traffic. It is possible that a contractor not informing motorists of such a change in the character of the road, by appropriate warning signs, would be negligent, because it should have foreseen that injury might result by reason of motorists believing they were on a one-way road when in fact they were on a two-way road. The petition here, however, does not clearly allege such a situation. It does not appear where or how the defendant Boling entered the expressway. If he entered it at the Clairmont overpass (assuming that this is a different point from the point designated the Briarcliff overpass) it does not appear that proper

warnings as to merging traffic were not in existence. If Boling entered at the Briarcliff overpass, he was put on notice by the barricades on the southwest lanes that only a two-lane road was open for use. It therefore appears that the contractor was not lacking in ordinary care to protect the plaintiff from any obstruction in the road which the plaintiff was using (there being no such obstruction) and that no breach of any other legal duty to him is alleged which resulted in the infliction of injury upon him by others.

The trial court did not err in sustaining the general demurrer of Charles R. Shepherd, Inc.