38864, 38865.  G. & R. WATERPROOFING COMPANY, INC.
*et al.* v. BROGDON. *et al.*  (Two cases.)

DECIDED JULY 7, 1961.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Frank W. Seiler, Kirk McAlpin,* for plaintiffs in error.

*Pierce, Ranitz & Lee, Dennis Pierce, Jack K. Berry, Brannen, Clark & Hester, Robert Raley,* contra.

HALL, Judge.  The issues in the two appeals are identical. The allegations of each petition essential to our decision are in substance the same.  In this opinion, therefore, all the discussion will relate to both petitions and both plaintiffs.

Essentially the allegations of the petition are:  The car in which plaintiff was a passenger and the truck driven by the defendant Murph (in the business of the defendant G. & R. Waterproofing Co., Inc.) were approaching an intersection in opposite directions; as the car in which plaintiff was riding approached the intersection, defendant negligently drove his truck to the left and across the centerline of the highway and brought

it to a stop in the traffic lane along which was traveling the car driven by defendant Brown, in which petitioner was riding. When defendant Murph drove the truck into this traffic lane defendant Brown did not have her car under control and did not immediately apply her brakes, swerved and ran off the road to avoid striking the stopped truck, and then in attempting to swerve back into the highway lost control of her car. Defendant Brown was negligent, in not having her car under control and in failing to reduce her speed as she approached the intersection and the truck and as the defendant Murph started turning and turned the truck, in failing to apply her brakes and stop, etc. Defendant Murph was negligent in driving his truck across the centerline and into the path of the Brown car, and in failing to give a signal for a left turn into, and stop in, the northbound traffic lane.

Plaintiffs in error rely heavily on cases dealing with static negligence and alternative pleading. Because of the striking differences in the cases cited by plaintiffs in error, both as to their facts and the appropriateness of these theories to them, they are not applicable or controlling in the case sub judice.

In the allegations of the present petition we can see no alternative or ambiguous pleading, or indication that the alleged negligence of the defendant Murph had become static. The natural meaning is that the alleged negligent acts and omissions of both defendants Brown and Murphy occurred in continuous sequence and were naturally and probably connected with each other. The allegations certainly present issues as to whether defendant Murph's alleged acts of negligence set in motion defendant Brown's alleged negligence which followed them; whether without defendant Murph's negligence defendant Brown's subsequent negligence would have occurred at all; whether defendant Murph should have foreseen consequences of his alleged negligence such as what allegedly happened; whether defendant Brown's negligence was a concurrent cause or an independent intervening cause of the plaintiff's injuries, or whether the accident would have happened without the cooperation of the two alleged causes.

These issues must be determined by a jury rather than as mat-

ters of law. *McGinnis v. Shaw,* 46 Ga. App. 248 (167 SE 533); *Long Construction Co. v. Ryals,* 102 Ga. App. 66 (115 SE2d 726). If the plaintiffs in error thought more particular allegations as to intervals of time or other conditions were needed, they could have asked for these by special demurrers. We cannot in considering the general demurrer make inferences as to these particulars from allegations struck and changes made by amendment to the original petition, nor by giving a strained construction to the petition as amended. *Toler v. Goodin,* 200 Ga. 527, 535 (37 SE2d 609); *New Cigar Co. v. The Broken Spur,* 103 Ga. App. 395, 399 (119 SE2d 133). If we read into the petition the fact that the weather was clear and vision unobstructed, as the plaintiffs in error contend we should, it would appear, unfavorably to defendant Murph as well as to defendant Brown, that the oncoming traffic should have been seen and the accident avoided.

Plaintiff in error argues that the petition shows that the truck did not block defendant Brown's lane of travel when it was stopped, because the original petition, before it was amended, had alleged that defendant Murph brought the truck to a stop completely blocking the northbound traffic lane.

The only question before this court is what the amended petition shows on its face. It alleges that defendant Murph drove his truck to the left and *across the centerline* of the highway and brought it to a stop *in defendant Brown's traffic lane,* and that defendant Brown swerved to avoid striking the stopped truck. The amended petition does not show what the plaintiff in error contends it does.

We turn now to the cases cited by the plaintiffs in error. In *Richards & Associates, Inc. v. Studstill,* 212 Ga. 375 (93 SE2d 3), it was held that one alternative version of the petition clearly absolved the defendant host driver from any liability respecting the collision. In *Matheson v. Charles R. Shepherd, Inc.,* 99 Ga. App. 175 (107 SE2d 897), the court stated that indisputably the reckless driving of the defendant motorist was the proximate cause of the plaintiff's injury. In the present case, however, no permissible construction of the allegations of the petition shows that defendant Murph's alleged negligence did

not combine naturally with the negligence of defendant Brown to produce the injuries sued for. *Associated Transports v. Greeson,* 94 Ga. App. 47, 49 (93 SE2d 417).

*Fair v. Huddle, Inc.,* 98 Ga. App. 466 (106 SE2d 72), and *Stroud v. Doolittle,* 213 Ga. 32 (96 SE2d 876), are inapplicable here for the reason that there the courts held that the petitions alleged no negligence against one of the defendants.

*Central of Ga. R. Co. v. Shepard,* 37 Ga. App. 643 (141 SE 415); *Taylor v. Atlanta Gas Light Co.,* 93 Ga. App. 766 (92 SE2d 709); *Hulsey v. Atlanta Transit System,* 98 Ga. App. 1 (104 SE2d 618); and *Tucker v. Star Laundry & Cleaners,* 100 Ga. App. 175 (110 SE2d 416), are distinguished from the present case by their particular facts.

We are not here dealing with a situation where the injured plaintiff is the driver, or a situation where the negligence of the driver is imputable to an injured passenger. In *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159 (2) (91 SE2d 135), this court held: "Where it appears that a plaintiff was injured or damaged through the negligence of two or more tortfeasors whose negligence is not imputable to the plaintiff and which concurs in constituting the proximate cause of such injury or damage, recovery may be had against any one or all of such tortfeasors. . . Where a jury question is otherwise presented as to whether the concurrent negligence of two defendants caused the plaintiff's injuries, the issue will not be resolved as a matter of law in favor of one defendant because the other defendant failed to exercise due care to avoid the consequences of such defendant's negligence. . ."

The petition alleged a cause of action against the defendants Murph and G. & R. Waterproofing Co., Inc. *Atlantic C. L. R. Co. v. Coxwell,* supra; *Williams v. Grier,* 196 Ga. 327 (26 SE2d 698); *Georgia Northern R. Co. v. Hathcock,* 93 Ga. App. 72 (91 SE2d 145); *Associated Transports v. Greeson,* 94 Ga. App. 47, supra.

Therefore, the court did not err in overruling the general demurrer.

*Judgment affirmed. Felton, C.J., and Bell, J., concur.*