40669. JOHNSON v. BLAKELY et al.

DECIDED SEPTEMBER 11, 1964—REHEARING DENIED SEPTEMBER 23, 1964.

*James E. Hardy,* for plaintiff in error.

*Sidney F. Wheeler, Charles A. Moye, Jr., Poole, Pearce & Cooper, Edwin Pearce, Martin H. Ruben, Greg Loomis, Frank Love, Jr.,* contra.

PANNELL, Judge. 1. The question to be determined on the general demurrer is whether the allegations that Gulf Oil Corporation and James Blakely made loud noises by blowing whistles and horns to attract attention of the motoring public and thus attract customers into their service station and that the said defendants knew that the loud noises and whistle blowing would attract the attention of the drivers of vehicles and that their attention would be attracted away from the street and the direction of travel and toward said service station operated by said defendants and that they were negligent in so doing, is sufficient to constitute a cause of action, based on negligence, against said defendants. While the petition, as above stated, alleges that the defendants knew the making of loud noises would attract the attention of motorists away from the roadway and the direction from which they were driving, it does not expressly allege that the defendants knew, or in the exercise of ordinary care should have known, that the attracting of the attention of drivers in such manner would be likely to cause injury or damage to persons or vehicles on the highway. Actionable negligence involves foreseeability of injury to others from the act done. In other words, a person is chargeable with actionable negligence if, from all the facts and circumstances, he should have known of the probable danger and injury that might result to others from his acts. *Hulsey v. Hightower,* 44 Ga. App. 455, 459 (161 SE 664). While there is no express allegation as to foreseeability of injury to others on the part

of the defendants, it is our opinion that an inference of such foreseeability is demanded from the allegations made. If one can foresee that his acts will attract the attention of motorists away from the roadway and from the direction in which they are traveling when such motorists are upon a muchly traveled highway and approaching an intersection with a signal light, such situation not only authorizes but demands the inference that such persons knew, or should have known, that their acts, as alleged, would likely cause injury to others. Cases holding that one is not bound to anticipate the criminal act of another, *Andrews & Co. v. Kinsel*, 114 Ga. 390 (2) (40 SE 300), 88 ASR 25), *Belding v. Johnson*, 86 Ga. 177 (12 SE 304, 11 LRA 53), *Bowers v. Southern R. Co.*, 10 Ga. App. 367 (3), 373 (73 SE 677), *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436 (99 SE2d 209), are not applicable to the present case for the reason that the alleged acts of the negligence of the third defendant, Holland, which constitute a violation of criminal statutes relating to motor vehicles, either are (1) not the type of crimes involved in the above cases, which are crimes involving moral turpitude, or (2) the acts of negligence alleged did not sustain a causal relation to the criminal act, as is true in the instant case. We conclude, therefore, that the trial court erred in sustaining the general demurrer of Gulf Oil Corporation and the oral motion of James Blakely. See, in this connection, *Hicks v. M. H. A., Inc.*, 107 Ga. App. 290 (129 SE2d 817); *Harris v. Atlantic C. L. R. Co.*, 25 Ga. App. 835 (104 SE 924); *Southern R. Co. v. Tankersley*, 3 Ga. App. 548 (60 SE 297).

2. While error is assigned on the sustaining of the special demurrers of Gulf Oil Corporation, plaintiff in error, in his brief, argues only the grounds of general demurrer and does not insist on his assignment of error on the sustaining of the special demurrers. Under these circumstances, the assignment of error on the sustaining of the special demurrers will be considered as abandoned. However, even considering the allegations specially demurred to as stricken, there are sufficient allegations remaining in the petition to set forth a cause of action.

*Judgment reversed. Frankum and Russell, JJ., concur.*