22743. BLAKELY v. JOHNSON et al.

22744. GULF OIL CORPORATION v. JOHNSON et al.

ARGUED JANUARY 12, 1965—DECIDED FEBRUARY 4, 1965.

*Martin H. Rubin, Poole, Pearce & Cooper,* for Blakely.

*Gambrell, Harlan, Russell & Moye, Charles A. Moye, Jr., Harold N. Hill, Jr., Sidney F. Wheeler, James C. Hill, Theodore M. Forbes, Jr.,* for Gulf Oil Corp.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Gregg Loomis, James E. Hardy,* for Johnson et al.

HEAD, Presiding Justice. S. Kelly Johnson brought an action for damages for injuries received when the automobile of Preston L. Holland collided into the rear of her automobile. The defendants named were Preston L. Holland, Gulf Oil Corporation and James Blakely. The general and special demurrers of Gulf Oil Corporation were sustained by the trial judge, and the motion to dismiss of James Blakely was sustained. On appeal the Court of Appeals held that the trial judge erred in these judgments. *Johnson v. Blakely,* 110 Ga. App. 355 (138 SE2d 614). Separate applications for certiorari were made by Gulf Oil Corporation and Blakely, and this court granted certiorari to review the questions made. Since the two applications arise from the same pleadings, the cases will be considered together.

The automobile collision occurred at an intersection in the City of Atlanta. The plaintiff had been proceeding in a north-westerly direction and was stopped at a traffic signal behind another vehicle. She alleged a number of acts of negligence on the part of the defendant Preston L. Holland which resulted in his driving into the rear of her automobile. It was alleged with reference to the other two defendants that: Gulf Oil Corporation and James Blakely had a Gulf Service Station located 100 feet south of the intersection. "That at said time and place, the agents, servants and employees of defendant Gulf Oil Corporation and James Blakely, and the agents, servants and employees of James Blakely blew whistles and shouted and other-

wise made loud noises for the purpose of attracting attention and customers into said Gulf Service Station . . . and this loud whistle and noise attracted the attention of defendant Preston L. Holland, while still driving forward, looked away from the direction he was driving and in the direction of said loud noise and whistle blowing" and Holland drove his automobile forward into the rear of the automobile driven by the plaintiff. "That at said time and place, defendants Gulf Oil Corporation and James Blakely knew that the loud noises and whistle blowing would attract the attention of drivers of vehicles and that their attention would be attracted away from the street and in the direction of travel and towards said Gulf Service Station." The negligence charged was: "In blowing whistles in a service station located within 100 feet of the intersection of Sylvan Road and Perkerson Road and making loud noises to attract drivers of motor vehicles traveling along said Sylvan Road and Perkerson Road."

Where a plaintiff seeks to recover damages, our statutory law is controlling in all cases of alleged wrongful acts by the defendant. "Direct damages are such as follow immediately upon the act done. Consequential damages are such as are the necessary and connected effect of the tortious act, though to some extent depending upon other circumstances." *Code* § 105-2007. "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer." *Code* § 105-2008. "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered; but *damages traceable to the act, but not its legal or natural consequence, are too remote and contingent.* [Italics ours.]" *Code* § 105-2009. These statutory rules, properly construed, preclude any liability to the plaintiff for the alleged acts of these defendants.

"While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the

intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Southern Railway Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109).

In the present case there was no direct relation between the acts done by the agents of the service station owner and operator and the injuries to the plaintiff. The Court of Appeals in its opinion held: "While there is no express allegation as to foreseeability of injury to others on the part of the defendants, it is our opinion that an inference of such foreseeability is demanded from the allegations made. If one can foresee that his acts will attract the attention of motorists away from the roadway and from the direction in which they are traveling when such motorists are upon a muchly traveled highway and approaching an intersection with a signal light, such situation not only authorizes but demands the inference that such persons knew, or should have known, that their acts, as alleged, would likely cause injury to others." P. 360.

In *Southern Transportation Co. v. Harper,* 118 Ga. 672 (45 SE 458), it was held that the trampling of a passenger by his fellow-passengers was not a consequence to be reasonably anticipated from the alleged negligent striking of a steamboat against the pier of a drawbridge. The decision was concurred in by all the Justices, and in the opinion the court cited with approval *Mayor &c. of Macon v. Dykes,* 103 Ga. 847 (31 SE 443) (in which one Justice had dissented). In the *Macon* case the plaintiff sued the City of Macon and the Macon Consolidated Street Railway Company for personal injuries received when the plaintiff's horse ran away after becoming frightened at the scraping noise made when the wheels of the plaintiff's cart came in contact with a track of the railway company. A city ordinance made it unlawful for any street-railroad company to construct tracks in the street the rails of which would be above street level. The evidence indicated that the tracks were from two to

four inches above street level. It was held that the defendants' negligence was not the proximate cause of the plaintiff's injuries. See also *Perry v. Central Railroad,* 66 Ga. 746 (5); *Central of Ga. R. Co. v. Dorsey,* 116 Ga. 719 (1) (42 SE 1024); *Ga. So. & Fla. R. Co. v. Corry,* 149 Ga. 295, 300 (99 SE 881).

The Court of Appeals erred in holding that the allegations of the petition in the present case authorized and demanded the inference that Gulf Oil Corporation and Blakely knew, or should have known, that their acts would likely cause injury to others. While it is alleged that the agents of these defendants made loud noises "for the purpose of attracting attention and customers" into the service station, it could not reasonably be assumed that they expected thereby to cause a collision on the street adjacent to their place of business, nor should they be charged with foreseeing such collision as the probable consequence of their acts. Almost all places of business operating adjacent to public streets and highways in varying degrees attempt to attract the attention of motorists for the purpose of advertising their wares. Myriad distracting objects and sounds surround motorists driving on the busy streets of Atlanta. Responsible drivers, who have due regard for the safety of themselves and others, will not allow themselves to be diverted by these sights and sounds to the extent that they disregard the fundamental rules of safe driving.

It is the general rule that: "In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff the independent criminal act of a third person, which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer." *Andrews & Co. v. Kinsel,* 114 Ga. 390 (40 SE 300); *Belding v. Johnson,* 86 Ga. 177 (12 SE 304, 11 LRA 53); *Henderson v. Dade Coal Co.,* 100 Ga. 568 (28 SE 251, 40 LRA 95); *Daigrepont v. Teche Greyhound Lines, Inc.,* 189 Ga. 601, 605 (7 SE2d 174, 127 ALR 217); *Rivers v. Weems,* 208 Ga. 783, 784 (69 SE2d 756). This general rule does not apply if the defendant had reasonable grounds for apprehending that the criminal act would be committed. *Henderson v. Dade Coal Co.,* 100 Ga. 568, supra; *Williams v. Grier,* 196 Ga. 327, 338 (26 SE2d 698); 65 CJS 699,

Negligence, § 111; 38 Am. Jur. 728, Negligence, § 71. In *Williams v. Grier*, 196 Ga. 327, 338, supra, it was held that where the defendants themselves were violating a municipal ordinance, "it was incumbent upon them to anticipate that others, like themselves, might disobey the traffic laws and regulations."

The petition in the present case alleged violations by Preston L. Holland of criminal statutes relating to motor vehicles (as shown by the opinion of the Court of Appeals), which were the direct and proximate cause of the damage to the plaintiff. The defendants Gulf Oil Corporation and Blakely are not charged with violating any law of the State or ordinance of the City of Atlanta, or with doing any act having a direct causal connection with the plaintiff's injuries and damages. They were not bound to anticipate that a passing motorist would negligently disregard his own safety because of their advertising acts, and that such motorist would violate traffic laws and cause injuries to third persons.

The trial judge properly dismissed the action as to Gulf Oil Corporation and Blakely, and the Court of Appeals erred in reversing these judgments.

*Judgment reversed. All the Justices concur.*